SUMMARY OF INCIDENT IN DETAIL On November 9, 1986 at about 12:20 AM while I, Sgt. Vasquez, was responding to a stabbing call at Jovita's Place located on the 200 Blk. of North Illinois Ave., I observed a green colored pickup pulling out of the parking lot. As I observed the green colored pickup travel north bound, I saw that it was on the wrong side of the street. As said vehicle approached the intersection of Illinois Ave. and Hidalgo St., I noticed a white colored vehicle, which was turning south onto Illinois Ave., move out of the way to keep from being hit by said pickup. Upon observing this fact, I decided to follow said pickup. I then informed our dispatcher by unit radio that I would be following a green pickup which had pulled out from Jovita's Place. As said vehicle approached Cameron St., I noticed that said vehicle was going from side to side. I then activated my unit's emergency overhead lights to alert the driver to stop. As we approached Starr Street (still traveling on N. Illinois St.), vehicle made a left hand turn onto Starr Street. I then noticed Officer Gutierrez' unit, which had his unit's emergency overhead lights also activated, coming towards us. He then parked in at an angle to block said vehicle. I then advised our dispatcher of the license plates said vehicle was displaying, 9384-EF, and brought my unit to stop and exited my unit. As I noticed that subject was not going to stop, I ran towards the driver's side, unholstered my weapon, pointed it towards the driver and ordered him to stop the vehicle. As he came to a complete stop in the middle of the street, I ordered him to exit the vehicle. He looked at me and stated in Spanish, "No puedo." As he stated this, I noticed that the driver's side door had a wire wrapped around it to keep it closed. I yanked on the door and opened it keeping my weapon pointed at the driver. I again informed him to step out in Spanish, "salte ven despasito." As he stepped out of the truck, I patted him down for any weapons using my left hand. I noticed Officer Gutierrez next to me so I reholstered my weapon and did a complete pat down on the subject. I informed driver, whom I recognized as Pete Hinojosa, that I had stopped him because he was driving from side to side. He replied, "Ya voy pa la casa" in a slurred type of voice with a strong odor of alcohol coming from his breath. I then informed Mr. Hinojosa that he was under arrest for Driving while intoxicated. Once I had Mr. Hinojosa

CHARGES FILED __DRIVING WHILE INTOXICATED__

FINGERPRINTED BY __Alejandro Moreno__  ☐ NOT FINGERPRINTED

SIGNATURE AND DEPT. OF OFFICER MAKING REPORT __Sgt. Vasquez__   ID NO. __104__   DATE OF REPORT __11-09-86__

DPS Case Report
Driving While Intoxicated DOA 11/09/86
ALFREDO HINOJOSA DOB 9/21/61

handcuffed, I ordered Officer Gutierrez to go and protect the scene at Jovita's Place. I then escorted Mr. Hinojosa towards my unit and placed him inside. Noticing that Mr. Hinojosa's truck was in the middle of the street, I decided to move it to the drive thru outlet of the Hidalgo Bank. I then responded to Jovita's Place to back up Officer Gutierrez in the stabbing call. Upon arrival, I made contact with Officer Gutierrez who informed me that we did have a male subject who had been stabbed. I immediately got my first aid kit from the trunk of my unit walked inside and attempted to give first aid to the subject. I noticed Officer R. Valdez arrive so I ordered him to keep an eye on the male subject I had arrested since he was in my patrol unit. I also ordered Officer Gutierrez to start identifying everyone in the bar. I also informed our dispatcher that we needed an investigator as soon as possible at our location. Being unable to get a pulse on the male subject, I discontinued my first aid procedures. I then instructed Officer R. Valdez not to let anyone in or out said place to standby until we got an investigator at the scene while I took the male subject to the police department. I then transported Mr. Hinojosa to the police department where I placed him in our cell and informed our dispatcher to renotify our Chief and tell him that I strongly believed that the male subject was going to die. I then responded back to where I had left the truck and started to inventory it. I informed Officer R. Valdez and R. Gutierrez that Inspector Vargas was enroute to their location. Upon inventorying Mr. Hinojosa's vehicle, I found a gold colored knife under the seat which had blood stains on it. I informed Officers that a weapon had been found and might be the weapon used. I then requested for a camera to take pictures of the truck and weapon. Vehicle was picked up by Juan's Wrecker Service and brought to the police department for processing. Inspector Vargas later removed the weapon. Due to his call and other calls we handled during our shift, which was very busy, I was not able to give Mr. Hinojosa an intoxilyzer test for the alcohol on his breath. Later, Pete Hinojosa was identified as Alfredo Rivera Hinojosa alias Freddy Rivera.

NOTE: After being informed of his rights, Mr. Hinojosa admitted to Inspector Vargas and me of the stabbing. (We are witnesses of his admission)

J.V.

Docket No. _____                                              Case No. 86-08-422

# Mercedes Police Department
# Arrest Record

| Name | | | | | | | | | Alias: | |
|---|---|---|---|---|---|---|---|---|---|---|
| Alfredo Hinojosa | | | | | | | | | | |

| Address | Phone | Date: |
|---|---|---|
| 1245 S. Georgia   Mercedes, Texas | --- | 8-11-86 |

| Occupation | Social Security No. | D.L. No. And State | Time: |
|---|---|---|---|
| Labor | ---- | ----- | 8:30 PM |

| Age | Race | Sex | Eyes | Hair | Hgt. | Wt. | DOB | Place of Birth | Marks-Tattooes |
|---|---|---|---|---|---|---|---|---|---|
| 24 | W | M | Brn | Blk | 5'2" | 155 | 9-21-61 | Illinois | both arms and chest |

| Offense | Where Committed |
|---|---|
| CRIMINAL MISCHIEF | 1245 S. Georgia |

| Where Arrested | How Arrest Made |
|---|---|
| Mercedes | [X] Sight  ( ) Warrant  ( ) SPA  ( ) Other |

| Complainant: | Address | Phone |
|---|---|---|
| R. Gutierrez Jr. | c/o Mercedes Police Dept. | 565-3102 |
| Witness: | Address | Phone |
| Witness: | Address | Phone |

Vehicle Impounded:
Year:        Make:        Model:        Lic.:        Where:

| Property Taken: | By: |
|---|---|
| | Bag No. |

| Property Returned: | Prisoner's Signature: |
|---|---|
| Date:        Time:        by: | |

| Prisoner Released | Disposition |
|---|---|
| Date: 8-12-86   Time: 9:30 PM   by: R. Gutierrez Jr. | Transported to county |

Synopsis: (use back if needed)

On 8-11-86 at about 8:30 PM, reporting officer arrested Alfredo Hinojosa for Criminal Mischief. Subject when arrested began to kick Unit P-10's right rear door with his feet. Officer transported the subject to the police department where he was booked and incarcerated for said charge.

Rt. Index

| Arresting Officer: | Approved: |
|---|---|
| Robert Gutierrez Jr. | |

MPDF-407

# Mercedes Police Department
## OFFENSE REPORT

O. _____

Classification: Criminal Mischief

NO. 86-08-056

| | |
|---|---|
| 1 COMPLAINANT'S NAME (Firm name if business)<br>City of Mercedes | 2 AGE / DESCENT / SEX / DOB<br>——————<br>3 PHONE (Business) 565-3102 |
| COMPLAINANT'S ADDRESS<br>323 S. Ohio St. | 5 CITY Mercedes, Texas<br>6 PHONE (Residence) |
| COMPLAINANT'S BUSINESS, EMPLOYMENT OR SCHOOL<br>Police Dept. | 8 OBJECT OF ATTACK (Burglary, theft, assault, etc.)<br>Criminal Mischief |
| PLACE WHERE OFFENSE OCCURRED<br>1245 S. Georgia | 10 TYPE OF BUILDING (Residence, store, bank, etc.)<br>Police unit |
| REPORTED BY<br>Ptlm. R. Gutierrez Jr.   PHONE 565-3102 | 12 REPORTED TO<br>Mercedes P.D. |
| DAY, DATE AND TIME OF OFFENSE<br>Monday 8-11-86   8:19 PM | 14 DAY, DATE AND TIME OF REPORT<br>Monday 8-11-86   11:36 PM |
| BODILY INJURIES TO       HOSPITAL? | 16 HOW REPORTED (In person, phone, on view, other)<br>Radio |

M/O (How done - force used - at what point - with what tool or weapon - other acts or trade marks)
Male subject kicked right rear door to unit P-10 from inside.

7A EXACT WORDS USED BY OFFENDER

VEHICLE INVOLVED IN OFFENSE (Year - color - make - model - auto license no. - year - state)
1982 Chrysler Diplomat   Unit P-10

Complainant's ☐   Suspect's ☐

DIRECTION OF FLIGHT  ☐ N ☐ E ☐ S ☐ W   ☐ AUTO ☐ FOOT
STREET OR ROAD                          ☐ UNK. ☐ OTHER

20 WILL COMPLAINANT PROSECUTE?  YES

NAME AND ADDRESS OF SUSPECT(S) - OR AGE  DESCENT  SEX  DESCRIPTION

22 CIRCLE IF SUSPECT IS  Employee - Relative - Acquaintance

| WITNESSES NAME | BEST CONTACT ADDRESS | AGE | BEST PHONE | OTHER PHONE | PARENT OR GUARDIAN? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

NARRATIVE (Write in any available details not covered above)

On 8-11-86 at about 11:36 PM, reporting officer was informed by Officer J. De Leon of damage done to Unit P-10. The damage was done by a male subject that had been arrested earlier. Officer made an offense report and issued a case number.

INVESTIGATING OFFICER(S) _____   26 REPORT MADE BY Robert Gutierrez Jr.   DATE 8-11-86

CASE FILED   8-11-86   28 THIS CASE IS             29 APPROVED BY
Yes ☐  No ☐   Cleared by arrest ☒  Unfounded ☐  Inactive ☐  Other ☐
                86-08-422

Use supplementary report for additional information not covered above.

Mercedes Police Department

## SUPPLEMENTARY REPORT

NO. _____

Classification: Criminal Mischief

NO. 86-08-056

Name of Complainant: City of Mercedes
Address: c/o Mercedes Police Dept.
Phone No.: 565-3102

Offense: _____

DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC.:
(Investigating Officer must sign)

Page No. _____   Date August 11, 19 86

On August 11, 1986 at about 11:36 PM, reporting officer was at the squad room working on paperwork. I was then informed by Officer J. De Leon that there was damage done to unit P-10. The damage was done to the right rear door of said unit. Also the subject that did the damages was Alfredo Hinojosa. The subject had been arrested at 1245 S. Georgia in reference to other charges. When this officer put the subject into the unit and assisted other officers at that location, I noticed that the subject Hinojosa was kicking the unit door with his feet. The subject was handcuffed and arrested at this time. I then informed the subject to stop several times until he did. The subject was then transported to the P.D. where he was booked and incarcerated for other damages.

NOTE: The damage done to the door is minor. The door is bent from the top upper right hand corner and comes loose.

No further action taken.

25 INVESTIGATING OFFICER(S) _____   26 REPORT MADE BY Roberto Gutierrez Jr.   DATE 8-11-86

27 CASE FILED   Yes ☐   No ☐   Cleared by arrest ☐
28 THIS CASE IS   Unfounded ☐   Inactive ☐   Active ☐   Other ☐
29 APPROVED BY _____

# Mercedes Police Department
## SUPPLEMENTARY REPORT

NO. _____

Classification: Criminal Mischief

NO. 86-08-056

| Name of Complainant | Address | Phone No. |
|---|---|---|
| City of Mercedes | c/o Mercedes Police Dept. | 565-3102 |

Offense: _____

**DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC.:**
(Investigating Officer must sign)

Page No. _____   Date August 12, 19 86

On August 12, 1986, I photographed Unit #10 which had been damaged the day before by Alfredo Hinojosa of Mercedes. I was informed that the damages were caused by Mr. Hinojosa kicking the door while he was under arrest and in the unit's back seat. The back right rear door had damages to the top.

I then sent the unit to Weslaco Motors located at 2401 E. Expressway in Weslaco, Texas for a written estimate on the damage to the door. It was estimated by them that it would cost $30.00 to fix the unit, to wit: 1986 Dodge Diplomat bearing TX Exempt plates 496-446, was later repaired.

25 INVESTIGATING OFFICER(S) _____   26 REPORT MADE BY Inspector N. Vargas Jr.   DATE 8-12-86

27 CASE FILED Yes ☐  No ☐   28 THIS CASE IS  Cleared by arrest ☐  Unfounded ☐  Inactive ☐  Active ☐  Other ☐   29 APPROVED BY _____

# Mercedes Police Department
## SUPPLEMENTARY REPORT

NO. _____  
Classification: Criminal Mischief  
NO. 86-08-056

**Name of Complainant:** City of Mercedes  
**Address:** c/o Mercedes Police Dept.  
**Phone No.:** 565-3102

**Offense:** _____

DETAILS OF OFFENSE, PROGRESS OF INVESTIGATION, ETC.:  
(Investigating Officer must sign)

Page No. _____  **Date** August 12, 19 86

On August 12, 1986, a complaint was filed against Alfredo Hinojosa for Criminal Mischief.

Alfredo Hinojosa was taken before Municipal Judge Flores whom set bond at $200.00 for the Criminal Mischief. He was later transported to the Hidalgo County Jail in Edinburg, TX.

FILED  
AT 3:10 O'CLOCK P M  
MAR -3  
WILLIAM "BILLY" LEO, CLERK  
COUNTY COURT AT LAW NO. 3 OF HIDALGO CO., TX  
BY Oscar de la Peña DEPUTY

2008 JAN 7 AM 11 37 HIDALGO COUNTY, TEXAS DEPUTY

A TRUE COPY I CERTIFY  
ARTURO GUAJARDO JR.  
COUNTY CLERK

25 INVESTIGATING OFFICER(S) _____  26 REPORT MADE BY Luis Chacon  DATE 8-12-86  
27 CASE FILED  Yes ☐  No ☐  | Cleared by arrest ☐  28 THIS CASE IS  Unfounded ☐  Inactive ☐  Active ☐  Other ☐  | 29 APPROVED BY _____



GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK

# FELONY RECORD SEARCH CERTIFICATE

**THE STATE OF TEXAS
COUNTY OF DALLAS**

I, GARY FITZSIMMONS, CLERK OF THE DISTRICT COURTS OF DALLAS COUNTY, TEXAS, DO HEREBY CERTIFY THAT A SEARCH OF THE INDEXES FROM 1973 THROUGH THE PRESENT DATE REFLECTS THE FOLLOWING:

  ESCAMILLA ELIEZAR     A  WM  100557  F-9775621   FL   BURG HAB    PGBC

THE UNDERSIGNED DOES NOT ASSUME ANY LIABILITY FOR OMISSION OR ERROR IN THE ABOVE STATEMENT.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, IN DALLAS, TEXAS, THIS THE 20TH DAY OF DECEMBER, 2007

**GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS**

BY: _[signature]_
    DEPUTY



# GARY FITZSIMMONS
## DALLAS COUNTY DISTRICT CLERK

GREG ALLBRIGHT
CHIEF DEPUTY

## CERTIFICATE

THE STATE OF TEXAS

COUNTY OF DALLAS COUNTY

I, GARY FITZSIMMONS, CLERK OF THE DISTRICT COURT WITHIN AND FOR THE STATE AND COUNTY AFORESAID, DO HEREBY CERTIFY THAT AT THIS TIME OUR OFFICE IS UNABLE TO LOCATE THE FILE YOU REQUESTED, CAUSE NUMBER F97-75621, ENTITLED THE STATE OF TEXAS VS. ELIEZAR ESCAMILLA.

THE FOLLOWING CERTIFIED COPIES ARE THE ONLY DOCUMENTS IN OUR POSSESSION AT THIS TIME, GIVEN UNDER MY HAND AND SEAL OF OFFICE IN DALLAS COUNTY, TEXAS, THIS 8TH DAY OF FEBRUARY, 2008.

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS COUNTY, TEXAS

BY: _____

FELONY RECORDS CLERK

133 N. INDUSTRIAL BLVD, LB-12   DALLAS, TEXAS  75207   (214) -653 - 5987
FAX (214) - 653 - 5986   e-mail: eengebretsen@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html

FORM 6
(REV. 09/01/94)                                                                                TDC

                              NO.    F-9775621-L

THE STATE OF TEXAS                          IN THE CRIMINAL DISTRICT
VS.                                         COURT 5                    OF
ELIEZAR ESCAMILLA                           DALLAS COUNTY, TEXAS

                    JUDGMENT ON NEGOTIATED PLEA OF GUILTY
                      OR NOLO CONTENDERE BEFORE COURT
                          REFERRAL TO MAGISTRATE
                           WAIVER OF JURY TRIAL

                                            JULY       TERM, A.D., 1997

MAGISTRATE:  STEVE HALSEY

JUDGE PRESIDING: MANNY ALVAREZ         DATE OF JUDGMENT: 08/29/97

ATTORNEY                                ATTORNEY
FOR STATE: MARTIN MILLER                FOR DEFENDANT: NICK ZOES

OFFENSE
CONVICTED OF:        BURGLARY OF A HABITATION

   DEGREE:  SECOND                     DATE OFFENSE COMMITTED:  01/05/97

CHARGING
INSTRUMENT: INDICTMENT                 PLEA: NOLO CONTENDERE

TERMS OF PLEA
BARGAIN (IN DETAIL):  6 YRS PENITENTIARY; FINE $1000.00

PLEA TO ENHANCEMENT                    FINDINGS ON
PARAGRAPH(S):    N/A                   ENHANCEMENT: N/A

FINDINGS ON
  DEADLY WEAPON,           NO FINDING
  BIAS OR PREJUDICE,
  AND/OR
  FAMILY VIOLENCE:

DATE SENTENCE
IMPOSED:           08/29/97                      COSTS: YES

PUNISHMENT AND
PLACE OF           6 YEARS
CONFINEMENT: CONFINEMENT IN THE INSTITUTIONAL DIVISION  DATE TO
             OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE  COMMENCE:  08/29/97
             AND A FINE OF $1,000.00

TIME CREDITED: 021997-082997
                                       RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

PA
                                              VOL. 402  PAGE 69

NO F-9775621-L

ON THIS DAY, SET FORTH ABOVE, THE ABOVE STYLED AND NUMBERED CAUSE HAVING BEEN DULY AND LEGALLY REFERRED TO A MAGISTRATE FOR THE DISTRICT COURTS OF DALLAS COUNTY THAT GIVE PREFERENCE TO CRIMINAL CASES AND THE CRIMINAL DISTRICT COURTS OF DALLAS COUNTY, CAME ON TO TRIAL PURSUANT TO A NEGOTIATED PLEA AS REFLECTED ABOVE. THE STATE OF TEXAS AND DEFENDANT APPEARED BY AND THROUGH THE ABOVE-NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT OF REPRESENTATION BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION; ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. DEFENDANT WAS DULY ARRAIGNED IN OPEN COURT AND ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT, AS SHOWN ABOVE. DEFENDANT WAS ADMONISHED BY THE MAGISTRATE OF THE CONSEQUENCES OF THE SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT THE MAGISTRATE FOUND THE DEFENDANT TO BE MENTALLY COMPETENT AND THAT SAID PLEA WAS FREE AND VOLUNTARY AND AFTER SUCH FINDINGS BY THE MAGISTRATE, THE SAID PLEA WAS ACCEPTED BY THE MAGISTRATE AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, AS SHOWN ABOVE, THE APPEARANCE, CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSIONS, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE, AND SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE MAGISTRATE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE; AND, THE MAGISTRATE HAVING HEARD THE DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL, WAS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT DEFENDANT WAS GUILTY OF THE OFFENSE AS SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. THE MAGISTRATE FURTHER MADE ITS FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE AND RESTITUTION OR REPARATION AS SET FORTH ABOVE.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCEMENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE MAGISTRATE, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S), AS SET OUT ABOVE AND AFTER HEARING FURTHER EVIDENCE ON THE ISSUE OF PUNISHMENT, MADE HIS FINDING AS SET OUT ABOVE; IF TRUE, THE MAGISTRATE WAS OF THE OPINION AND FOUND THAT DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSE(S) ALLEGED IN THE SAID ENHANCEMENT PARAGRAPH(S) AS MAY BE SHOWN ABOVE.

THEREUPON THE SAID DEFENDANT WAS ASKED BY THE MAGISTRATE WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF, AND IT HAVING APPEARED TO THE MAGISTRATE THAT DEFENDANT WAS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS;

IT WAS, THEREFORE, CONSIDERED AND RECOMMENDED BY THE MAGISTRATE, IN THE PRESENCE OF DEFENDANT, AND HIS ATTORNEY THAT SAID DEFENDANT BE ADJUDGED GUILTY OF THE OFFENSE AS SHOWN ABOVE, AND THAT SAID DEFENDANT BE PUNISHED IN ACCORDANCE WITH THE PUNISHMENT SET FORTH ABOVE, THAT DEFENDANT BE SENTENCED TO A TERM OF IMPRISONMENT OR FINE OR BOTH AS SET FORTH ABOVE, THAT DEFENDANT SHALL BE DELIVERED BY THE SHERIFF TO THE DIRECTOR OF THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OR OTHER PERSON LEGALLY AUTHORIZED TO RECEIVE SUCH CONVICTS FOR THE PUNISHMENT ASSESSED HEREIN, AND THAT SAID DEFENDANT SHALL BE CONFINED FOR THE ABOVE-NAMED TERM IN ACCORDANCE WITH THE PROVISIONS OF LAW GOVERNING SUCH PUNISHMENTS. IT WAS FURTHER RECOMMENDED THAT THE DEFENDANT PAY THE FINE, COURT COST, COSTS AND EXPENSES OF LEGAL SERVICE PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION, AS SET FORTH HEREIN, FOR WHICH LET EXECUTION ISSUE.

THE MAGISTRATE FURTHER FOUND THAT THE TERMS OF THE NEGOTIATED PLEA AGREEMENT BETWEEN THE STATE AND DEFENDANT HAVE BEEN FOLLOWED.

THE COURT HAS REVIEWED THE FINDINGS, ACTIONS AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE, FINDS THAT THE TERMS OF THE NEGOTIATED PLEA

NO F-9775621-L

AGREEMENT IN THIS CAUSE HAVE BEEN FOLLOWED AND HEREBY ADOPTS ALL FINDINGS, ACTIONS AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE. THE DEFENDANT IS HEREBY ADJUDGED GUILTY OF THE OFFENSE AS SET OUT ABOVE AND ORDERED PUNISHED IN ACCORDANCE WITH THE RECOMMENDATION OF THE MAGISTRATE. THE JUDGMENT AS SHOWN ABOVE IS HEREBY IN ALL THINGS APPROVED AND CONFIRMED, AND IS HEREBY ORDERED INTO EFFECT.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE MAGISTRATE FOUND AND THE COURT APPROVED THE FINDING THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE MAGISTRATE FOUND THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, SUCH FINDING IS HEREBY APPROVED BY THE COURT, AND THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

DEFENDANT IS HEREBY ORDERED REMANDED TO JAIL UNTIL SAID SHERIFF CAN OBEY THE DIRECTIONS OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

WHEN REQUIRED, A PRESENTENCE INVESTIGATION WAS CONDUCTED IN ACCORDANCE WITH THE APPLICABLE PROVISIONS OF LAW.

** NO VICTIM IMPACT STATEMENT HAS BEEN RECEIVED BY THE COURT **

COURT COSTS IN THE AMOUNT OF $126.50

_____
JUDGE PRESIDING

JUDGMENT
CERTIFICATE OF THUMBPRINT

CAUSE NO. _F97-7562_

THE STATE OF TEXAS

VS.

_Eleazar Escamilla_

IN THE _Criminal_

DISTRICT COURT _#5_

DALLAS COUNTY, TEXAS

Right
Thumb*

Defendant's _Right_ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-
NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION
OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS _29_ DAY OF _August_, 19_97_.

_____
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint
is placed in box:

☐ left thumbprint        ☐ left/right index finger

☐ other, _____

002151
002152

## COMPLAINT

THE STATE OF TEXAS §

COUNTY OF CAMERON §

In the Name and by the Authority of the State of Texas:

BEFORE ME, the undersigned authority, on this day personally appeared __JOE V. GARZA__, who after being by me duly sworn, on oath deposes and says: That he has good reason to believe and does believe that heretofore, to wit, on or about the __17TH__ day of __MARCH__ A.D. 19 __86__, and before the making and filing of this Complaint, in the County of Cameron and State of Texas, __ALFREDO HINOJOSA__, the Defendant, did then and there unlawfully, while intoxicated drive and operate a motor vehicle in a public place,

against the peace and dignity of the State.

_Joe V. Garza_
Complainant

Sworn to and subscribed before me, this __13TH__ day of __MAY__ 19 __86__
_____
Assistant County (Criminal District) Attorney

## INFORMATION

In the Name and by the Authority of the State of Texas:

The County (Criminal District) Attorney of the County of Cameron, State of Texas in behalf of said State, presents in the County Courts at Law of Cameron County, Texas, at the __MAY__ Term, 19 __86__ of said Court, that heretofore, to wit, on or about the __17TH__ day of __MARCH__, A.D. 19 __86__, and before the making and filing of this Information, in the County of Cameron and State of Texas, __ALFREDO HINOJOSA__, the Defendant, did then and there unlawfully, while intoxicated, namely not having the normal use of Defendant's mental and physical faculties by reason of the introduction of alcohol, controlled substances, and drugs into Defendant's body, drive and operate a motor vehicle in a public place,

AND SUCH ATTORNEY, upon Oath in said court does further present that the Defendant, on or about the __17TH__ day of __MARCH__, 19 __86__, and anterior to the presentment of this complaint and Information, in the County of Cameron and State of Texas, did then and there unlawfully, while intoxicated, namely having an alcohol concentration of at least 0.10, drive and operate a motor vehicle in a public place,

against the peace and dignity of the State.

BENJAMIN EURESTI, JR.
BY _____
Assistant County (Criminal District) Attorney

#17997

A CERTIFIED COPY
Joe G. Rivera
Cameron County, Texas
Page ___ of ___

CAUSE NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW NO. 1 OF |
| _____ | § | CAMERON COUNTY, TEXAS |

-oOo-

## WRITTEN WAIVER OF COUNSEL, WAIVER OF JURY AND PLEA OF GUILTY

BEFORE ME, the undersigned authority, on this day personally appeared, _____ who, after being duly sworn on this oath, states as follows:

NOW COMES the undersigned defendant in this cause and represents to the court that I have no attorney, that I do not intend to employ counsel herein, and that I waive any right I may have, on application therefore, to have the court appoint an attorney to defend me in this cause;

I further represent to the court that I desire to make immediate disposition of this case by here and now entering my plea of guilty herein, waiving trial by jury and submitting it to the court on all issues of law and fact:

I understand that the punishment prescribed for the offense of __DRIVING WHILE INTOXICATED 1ST OFFENSE__ to which I here plead guilty is by confinement in the county jail of Cameron County, Texas, for a term of not less than __72 HOURS__ nor more than __2 YEARS__ and/or a fine of not less than __$100.00__ nor more than __$2,000.00__.

AND I FURTHER REPRESENT TO THIS COURT THE FOLLOWING: IF I AM NOT A CITIZEN OF THE UNITED STATES OF AMERICA, MY PLEA OF GUILTY OR NOLO CONTENDERE TO THE ABOVE MENTIONED OFFENSE CHARGED MAY RESULT IN MY DEPORTATION FROM THIS COUNTRY, THE EXCLUSION FROM ADMISSION TO THIS COUNTRY, OR DENIAL OF NATURALIZATION UNDER FEDERAL LAW.

WHEREFORE, PREMISES CONSIDERED, I, the undersigned defendant, pray the court to proceed immediately on the filing hereof to arraign me in this cause, to accept my plea of guilty and waiver of trail by jury, to enter judgment thereon and, having entered the same, to immediately sentence me in the manner provided by law, waiving for said purpose every provision of law the effect of which would delay or arrest entry of judgment or imposition of sentence herein.

JUL 18 1986

_____  
DEFENDANT

SWORN TO AND SUBSCRIBED BEFORE ME this ___18___ day of ___July___, 1986.

MIKE SHELDON, COUNTY CLERK OF CAMERON COUNTY, TEXAS

_____  
DEPUTY

The above waiver of counsel being examined by me and found to state the truth, it is in all things granted.

_____  
JUDGE PRESIDING

A CERTIFIED COPY  
Joe G. Rivera, County Clerk  
Cameron County, Texas  
Page ___1___ of ___1___

CAUSE NO. 86-CCR-2387-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | I | IN THE COUNTY COURT |
| VS. | I | AT LAW NO. 1 OF |
| ALFREDO HINOJOSA | I | CAMERON COUNTY, TEXAS |

-oOo-

BE IT REMEMBERED that on the 18th day of JULY, 19 86, this case was called for trial, and the State appeared by her Assistant Criminal District Attorney, and the Defendant, Alfredo Hinojosa, appeared in person, having filed a written waiver of counsel previously approved by the Court, and all parties announced ready for trial, and the Defendant, in open court, in person, after having been duly arraigned, pleaded guilty/nolo~contendere~to the charge in the information. The Defendant was admonished by the Court of the range of punishment attached to the offense and the fact that any recommendation of the Prosecuting Attorney as to punishment is not binding on this Court. It plainly appearing to the Court that the Defendant is mentally competent and that his/her~plea is free and voluntary and the said plea was by the Court received and is now entered upon the Minutes of the Court as the plea herein of said Defendant. Thereupon, the Defendant, in person, in open court, having waived the right of trial by jury in writing, requested the Court to approve the waiver of jury. The Court then determined that such waiver in writing, signed by the Defendant, had been filed herein before the Defendant entered his/~her~plea of guilty/nolo~contendere~ The consent and approval of the Court for the Defendant to waive the right of trial by jury was then granted.

WHEREUPON, the Defendant proceeded to trial before the Court, who having heard and considered the pleadings and evidence offered, is of the opinion therefrom, and so finds that the Defendant is guilty of the offense of DRIVING WHILE INTOXICATED, which offense was committed on the 17th day of MARCH, 1986, in Cameron County, Texas.

IT IS, THEREFORE, CONSIDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense of Driving While Intoxicated, as charged in the information herein, as confessed by him/~her~ in his/~her~ plea of guilty/nolo~contendere~ herein made.

THEREAFTER, on the 18th day of JULY, 19 86, this case was again called for hearing, all parties having announced ready to proceed, the case proceeded in the punishment phase, and the Court having heretofore found the Defendant guilty of the offense charged in the information IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendant be punished by confinement in the county jail for a period of 30 days, and by a fine of $ 200.00, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution will issue.

The said Defendant having made application in due time and form for probation under the Misdemeanor Adult Probation and Supervision Law of this State on this conviction herein, and the Court being of the opinion and finding from the evidence herein that the Defendant, ALFREDO HINOJOSA, should be placed on probation, and that the imposition of sentence under the Judgment of this Court herein shall be and the same is hereby suspended for a period of 12 months, from the date hereof. Said probation and suspension of imposition of said sentence shall be conditioned that the Defendant during the entirety of the term of probation shall:

WAIVER OF ATTORNEY-PLEA OF GUILTY-PROBATION

1.

Vol. 131 Pag. 727-732

(a) Commit no offense against the laws of this State or any other State or of the United States;

(b) Avoid injurious or vicious habits;

(c) Avoid persons or places of disreputable or harmful character;

(d) Report to the Probation Officer at the Probation Office once each month, as instructed by the Probation Officer;

(e) Report to the Probation Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation Officer;

(f) Permit the Probation Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as fair as possible;

(h) Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

(i) Pay $ 200.00 every month between the first and tenth day of the month beginning in the month next following entry of this Judgment, until the fine of $ _____ shall have been paid; fine by OCT. 18, 1986

(j) Pay court costs in the sum of $ 91.00 within _____ days after the date of entry of this Judgment. by OCT. 18, 1986

(k) Pay a Probation fee of $18.00 per month every month of the Probation period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $ 216.00 shall have been paid; (PROBATION FEES WAIVED FOR THE FOLLOWING REASONS:)

_____
_____
_____
_____

(l) Pay $ --0-- restitution, in equal monthly installments of $ --0-- each between the first and tenth day of every month beginning in the month next following the entry of this Judgment and continuing until such restitution is paid in full;

(m) Support Probationer's legal dependents;

(n) File with the Probation Officer at the Probation Office between the first and tenth day of every month following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

(o) File with the Probation Officer at the Probation Office each month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(p) Within ten (10) days after the event, report in writing to the Probation Officer any arrest of Probationer and/or criminal charge filed against Probationer;

(q) OPTIONAL CONDITIONS WHICH APPLY TO DEFENDANT'S PLACED ON PROBATION FOR DRIVING WHILE INTOXICATED. (Apply the ones initialled by the Court):

DWI
2

Vol. 131 Page 729-732

Criminal Minutes

A CERTIFIED COPY
Joe G. _____ County Clerk

_____ (1) Defendant shall serve _____ (days/nights/weekends) in Confinement in Cameron County jail pursuant to the attached order.

_NK_(2) Attend and successfully complete before the 181st day after probation is granted an eight hour educational program of the Probation Officer designed to rehabilitate persons who have driven while intoxicated. The Probation Officer shall schedule the probationer for such classes and the probationer shall attend as scheduled. Pay $15.00 fee within 30 days. (EDUCATIONAL PROGRAM WAIVED FOR THE FOLLOWING REASONS:)

_10 hours of Boot camp_

_____ (3) If you operate any motor vehicle, obtain and maintain at least minimum limits of automobile liability insurance as required by V.C.S. 6701 h 1A. Proof of such insurance shall be shown to the Probation Officer within 15 days of date of this Order and monthly throughout the probation term.

_____ (4) Abstain from consumption of any alcoholic beverages during the probation term.

_____ (5) Defendant shall participate in the following initialed counseling programs for alcohol/drug abuse dependency under the direction and supervision of the Probation Officer:

(OUT-PATIENT COUNSELING PROGRAMS)

_____ Tropical Texas M.H.M.R.

_____ Alcoholics Anonymous

_____ Fairlight, Inc.

_____ Midway House (Harlingen, Texas)

_____ Palmer Drug Abuse Program

_____ Tropical Texas M.H.M.R. Drug Counseling/Screening Program

_____ OTHER: _____

(IN-PATIENT TREATMENT PROGRAMS)

_____ Rio Grande State Center (Harlingen, Texas)

_____ Midway House (Harlingen, Texas)

_____ D.E.A.R. Unit (Brownsville, Texas)

_____ OTHER: _____

_____ (6) HOURS OF COMMUNITY SERVICE under the Supervision of the Probation Officer.

_NK_(7) OTHER: _Transfer Officials Supervision to Hidalgo County, Texas_

RECORDED

Vol. _131_ Page _729-732_

DWI
3.

Criminal Minutes

A CERTIFIED COPY

By the term "the Probation Officer" as used herein is meant any Cameron County Adult Probation Officer; by the term "Probation Office" is meant the Cameron County Adult Probation Office, Brownsville, Texas; by the term "Probationer" is meant the Defendant in this cause.

All payments required of Probationer by this Judgment shall be paid within the time specified at the Probation Office to the Probation Officer for which Probationer shall receive the Probationer Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Probation Officer in the Cameron County Adult Probation Trust Fund in the County Depository and thereafter disbursed in accordance with the County Court's Order of September 6, 1979, recorded in Volume 63, Page 229, of the Minutes of this Court. Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

1. $ -0-       Restitution
2. $ 90.00     Court Costs
3. $ 200.00    Fine
4. $ --0--     Court Appointed Attorney's Fees

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall await further written order of the Court as per the County Court's Order of September 6, 1979.

This Court reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the probation hereinabove set out, its jurisdiction fulfillment of the conditions of said probation.

SIGNED FOR ENTRY this _18th_ day of _JULY_, 19_86_.

_____
JUDGE PRESIDING

RECORDED

Vol. 131 Page 729-732

Criminal Minutes

A CERTIFIED C
Joe G. Rivera, Coun
Cameron County
Page 4 of

NO. 86-CCR-2387-A

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW NO. 1 |
| ALFREDO HINOJOSA | § | OF CAMERON COUNTY, TEXAS |

### STATE'S MOTION TO REVOKE PROBATED SENTENCE

NOW COMES, BENJAMIN EURESTI, JR., County (Criminal District) Attorney of Cameron County, Texas, and would show the Court that ALFREDO HINOJOSA , the Defendant against whom Judgment of conviction was rendered herein upon his plea of guilty, to DRIVING WHILE INTOXICATED , on JULY 18, 1986 , and who was assessed a punishment of confinement in the CAMERON COUNTY JAIL for a period of THIRTY (30) DAYS, and whose sentence upon said conviction was made probationary, and who was then and there probated to the Adult Probation Office, has violated the terms and conditions of said probation since it was granted. The terms and conditions of said probation, among other things, provided that Defendant shall:

Commit no offense against the laws of this State or any other State or of the United States;

Pay $200.00 fine by October 18, 1986;

FILED
NOV 18 1986

The said BENJAMIN EURESTI, JR., would further show unto the Court that the said Defendant ALFREDO HINOJOSA , has violated the terms of his said probation, to-wit:

REV.1/82

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 1 of 2