FORM 188-B     SJm

**DEFENDANT** ESCAMILLA, JUAN   WM 09301983   **CHARGE** EVADE ARREST/DET MV
AKA:
**ADDRESS** 4045 WEISENBERGER, DALLAS, TX     **LOCATION** DSO
**FILING AGENCY** TXDPD0000   **DATE FILED** October 8, 2001   **COURT** _____
**COMPLAINANT** HAECKER, T                                F-0157490
**C/C** _____

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County, State of Texas, duly organized at the _____JULY_____ Term, A.D. 20__01__ of the ____203RD JUDICIAL____ District Court _____, Dallas County, in said court at said Term, do present that one ____ESCAMILLA, JUAN____, defendant, on or about the __3RD__ day of __OCTOBER__ A.D. 20 __01__ in the County of Dallas and said State, did

unlawfully, then and there intentionally flee from T. HAECKER, hereinafter called complainant, while complainant was lawfully attempting to arrest and detain the defendant, and the said defendant knew the said complainant was a peace officer attempting to arrest and detain the said defendant,

And further, defendant did use a motor vehicle while in the flight and commission of the aforesaid offense alleged in the first paragraph above.

against the peace and dignity of the State.
BILL HILL

_____
Criminal District Attorney of Dallas County, Texas.

_____J A Savage_____
Foreman of the Grand Jury.

COURT

No. F0157491S; F0157490S

THE STATE OF TEXAS          282ND JUDICIAL DISTRICT COURT
VS.          DALLAS COUNTY, TEXAS

Juan Escamilla

AMENDED
MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That __Juan Escamilla__, Defendant was duly and legally placed on probation in the above entitled and numbered cause in the 282nd Judicial District Court of Dallas County, Texas, on the __28th__ day of __November__, 2001, A.D. of the offense of

Unauthorized Use of Motor Vehicle and Evading Arrest, AS CHARGED IN THE INDICTMENT

That Defendant has violated the following conditions __a, b & c__ of said probation in that

(SEE ATTACHED)

This violation occurred after __November 28, 2001__ and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why his probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the 13th day of __September__, A.D. 2002.

BILL HILL, District Attorney, Dallas County, Texas

BY: _____
ASSISTANT DISTRICT ATTORNEY

A copy of this motion was delivered to the Defendant on

the ___13th___ day of ___September___, A.D. 20_02_.

_____
COMMUNITY SUPERVISION OFFICER

```
*********************
*                   *
*    F I L E D      *
*                   *
* September 13, 2002*
*                   *
*    JIM HAMLIN     *
*  DISTRICT CLERK   *
*  DALLAS CO. TEXAS *
*                   *
*                   *
*     DEPUTY        *
*********************
```

F01574915; F01574905
September 13, 2002

THE STATE OF TEXAS  
VS.  
Juan Escamilla

282ND JUDICIAL DISTRICT COURT  
DALLAS COUNTY, TEXAS

(a) Commit no offenses against the laws of this State or any other State of the United States and do not possess a firearm during the term of Community Supervision.

(On or about July 27, 2002 in Dallas County, Texas, the above named did unlawfully, knowingly, and intentionally carry on or about his person, a handgun.)

(b) Do not possess, use or ingest illegal drugs.

(On January 7, 2002 the above named admitted to supervision officer, Erin Garza, use of illegal drugs, namely: Marijuana.)

(c) Obey all the rules and regulations of the Community Supervision and Corrections Department and REPORT to the supervision officer as directed by the Judge or the supervision officer; to-wit: WEEKLY, MONTHLY OR TWICE MONTHLY.

(The above named failed to report as directed during the months of March through July 2002.)

C323559     I/D  
JS/JS/br

## ORDER MODIFYING
## THE CONDITIONS OF COMMUNITY SUPERVISION

CAUSE NO(S): F01-57491-S; F0157490-S

THE STATE OF TEXAS                          IN THE 282ND JUDICIAL DISTRICT

VS                                          COURT, DALLAS, TEXAS

Juan Escamilla

In accordance with the authority conferred by the Adult Probation law of the State of Texas, the conditions of Probation in the above numbered cause(s) are hereby modified to __INCLUDE__:

(N) Submit a urine sample on demand to the supervision officer and as directed by the Court to determine the use of prohibited substances and reimburse costs for urinanalysis testing in the amount of $400.00 payable at $10.00 per month to a supervision officer of this court beginning sixty days from the date of probation.

(O) Do not consume any type of alcoholic beverage during the term of probation and submit a breath sample and/or urine sample on demand to the supervison officer as directed by the Court to determine the use of alcohol.

The Court has the authority at any time during the period of probation to revoke your probation or proceed to adjudication for violation of any of the Conditions of Probation set out above.

Witness our Signature the __3rd__ day of __December~~OCTOBER~~__, 2001

X _Juan Escamilla_          12-3-01          _K. Neese_
Probationer                 Date             Judge

_[signature]_               12-3-01          _[signature]_
Officer Serving the Order   Date             Court Officer

Give probationer one copy and return original document to Court to be filed with the District Clerks Office. Retain a copy for probation records.

C323559.

**FILED**
DEC 4 2001
JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
____ DEPUTY

THE STATE OF TEXAS                             IN THE 282ND JUDICIAL DISTRICT
VS.                                            COURT                      OF
JUAN ESCAMILLA                                 DALLAS COUNTY, TEXAS

## DEFERRED ADJUDICATION ORDER
## REFERRAL TO MAGISTRATE

JULY       TERM, A.D., 2001

MAGISTRATE:       TERRIE MCVEA

JUDGE PRESIDING: KAREN J. GREENE                 DATE OF ORDER:   11/28/01

ATTORNEY                          ATTORNEY
FOR STATE: JOHN KULL              FOR DEFENDANT: BRADY WYATT

OFFENSE:          EVADING ARREST DETENTION FACILITY USING VEHICLE, PREVIOUS
                  CONVICTION ENHANCED

     DEGREE:  STATE JAIL              DATE OFFENSE COMMITTED:  09/21/01

CHARGING
INSTRUMENT: INDICTMENT                     PLEA: GUILTY

TERMS OF NEGOTIATED                        NEGOTIATED AGREEMENT
PLEA BARGAIN                               FOLLOWED:  YES
(IN DETAIL):   4 YEARS DEFERRED PROBATED AND $500 FINE

PLEA TO ENHANCEMENT
PARAGRAPH(S):   N/A

FINDINGS ON
DEADLY WEAPON,        NO FINDING
BIAS OR PREJUDICE,
AND/OR
FAMILY VIOLENCE:

DATE COMMUNITY SUPERVISION
IMPOSED:        11/28/01                             COSTS:  YES

PERIOD OF SUPERVISION:  4 YEARS            AND A FINE OF $500.00

FINE PROBATED:  NO                   RESTITUTION/REPARATION:  NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

      ON THIS DAY SET FORTH ABOVE THE ABOVE STYLED AND NUMBERED CAUSE,
HAVING BEEN DULY AND LEGALLY REFERRED TO A MAGISTRATE FOR THE DISTRICT COURTS
MW                                              VOL. 431   PAGE 21

OF DALLAS COUNTY THAT GIVE PREFERENCE TO CRIMINAL CASES AND THE CRIMINAL [text obscured] THROUGH THE ABOVE NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT OF REPRESENTATION BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION; ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. THE DEFENDANT WAS DULY ARRAIGNED IN OPEN COURT AND ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. DEFENDANT WAS ADMONISHED BY THE MAGISTRATE OF THE CONSEQUENCES OF THE SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT THE MAGISTRATE FOUND THE DEFENDANT TO BE MENTALLY COMPETENT AND THAT SAID PLEA WAS FREE AND VOLUNTARY AND AFTER SUCH FINDINGS BY THE MAGISTRATE, THE SAID PLEA WAS ACCEPTED BY THE MAGISTRATE AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, THE APPEARANCE, CONFRONTATION, AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSION, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE, AND SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE MAGISTRATE IN WRITING AND FILED IN THE PAPERS OF THE CAUSE; AND, THE MAGISTRATE HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL, WAS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT THE EVIDENCE SUBSTANTIATES THE DEFENDANT'S GUILT OF THE OFFENSE SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. MAGISTRATE FURTHER MADE ITS FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, AND RESTITUTION OR REPARATION AS SET FORTH ABOVE.

THE MAGISTRATE BEING OF THE OPINION THAT THE BEST INTERESTS OF SOCIETY AND THE DEFENDANT WOULD BE SERVED BY DEFERRING FURTHER PROCEEDINGS WITHOUT ENTERING AN ADJUDICATION OF GUILT;

IT WAS, THEREFORE, CONSIDERED AND RECOMMENDED BY THE MAGISTRATE THAT THE DEFENDANT BE PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT. IT WAS FURTHER RECOMMENDED THAT THE FINE ASSESSED, IF ANY, BE PAID OR PROBATED, AS SHOWN ABOVE. THE MAGISTRATE RECOMMENDED THAT COURT COSTS, COSTS AND EXPENSES OF LEGAL SERVICES PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION AS SET FORTH HEREIN BE PAID BY DEFENDANT.

THE MAGISTRATE FURTHER FOUND THAT THE TERMS OF THE NEGOTIATED PLEA AGREEMENT BETWEEN THE STATE AND DEFENDANT HAVE BEEN FOLLOWED.

THE COURT HAS REVIEWED THE FINDINGS, ACTIONS AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE, FINDS THAT THE TERMS OF THE NEGOTIATED PLEA AGREEMENT IN THIS CAUSE HAVE BEEN FOLLOWED AND HEREBY ADOPTS ALL FINDINGS, ACTIONS AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE. THE COURT BEING OF THE OPINION THAT THE BEST INTERESTS OF SOCIETY AND THE DEFENDANT WILL BE SERVED BY DEFERRING FURTHER PROCEEDINGS WITHOUT ENTERING AN ADJUDICATION OF GUILT;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT THE DEFENDANT BE AND HEREBY IS PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE ASSESSED, IF ANY, UNLESS PAYMENT OF THE FINE HAS BEEN PROBATED, AS SHOWN ABOVE, COURT COSTS, COSTS AND EXPENSES OF

CONDITIONS OF COMMUNITY SUPERVISION ARE ATTACHED HERETO AND ARE INCORPORATED FOR ALL PURPOSES AS A PART OF THIS JUDGMENT.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE MAGISTRATE FOUND AND THE COURT APPROVED THE FINDING THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE MAGISTRATE FOUND THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IS NOT IN THE BEST INTEREST OF THE VICTIM, SUCH FINDING IS HEREBY APPROVED BY THE COURT, AND THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

COURT COSTS IN THE AMOUNT OF $198.00

_____
JUDGE PRESIDING

*Immediately upon release, defendant must report in person to the Felony Collections Dept., 2nd fl., Rm. C2-3, Crowley Courts Bldg., Dallas, TX, for payment arrangement of court ordered costs, fines and/or attorney fees.

CONDITIONS OF COMMUNITY SUPERVISION
(regular)

THE STATE OF TEXAS            IN THE 282ND JUDICIAL
                                DISTRICT COURT
VS.                          DALLAS COUNTY, TEXAS

_Juan Escamilla_         TYPE OF PROBATION
                                (deferred), convicted, SJ
                                shock, boot camp, JT)

CAUSE NO. _F0157445 (UUMV)_
_F0157410 (Evade Arrest_
_Det/MV)_

On this date, _November 28, 2001_ you have been sentenced to a state jail or penitentiary for a period of ___ years and you are placed on Community Supervision for a period of _4_ years. It is the ORDER of this Court that you comply with the following conditions of Community Supervision:

(a) Commit no offenses against the laws of this State or any other State of the United States and do not possess a firearm during the term of Community Supervision.

(b) Do not possess, use or ingest illegal drugs.

(c) Obey all rules and regulations of the Community Supervision and Corrections Department and **REPORT** to the supervision officer as directed by the Judge or the supervision officer, to wit: **MONTHLY, TWICE MONTHLY, OR WEEKLY.**

(d) Permit the supervision officer to visit you at home or elsewhere and give notice to the supervision officer no less that 24 hours prior to any change of residence or employment.

(e) Obtain and maintain employment approved by this Court.

(f) Do not leave Dallas County, Texas without first obtaining permission from the Court.

(g) Pay a Community supervision fee of $40.00 per month to the Community Supervision officer of this Court on or before the first day of each month, hereafter until paid in full.

(h) Within 14 days of date below OR release from custody report to the Dallas County District Clerk Collection Department, Frank Crowley Bldg., 2nd Floor, to arrange payment of Court Cost, Fine and Court Appointed Attorney Fees.

(i) Report to the Dallas County Community Supervision and Corrections Department at 133 North Industrial Blvd., 9th Floor, Dallas, Texas on _____ at _____ for a post sentence interview.

                                                                                  page 1 of 2

CAUSE NO(S): F21574115, F71574115

**(j)** Make restitution in the amount of $ 200.11 , payable at $ 75.00 per month to a supervision officer of this Court on or before the first day of each month hereafter until paid in full (F1574115)

**(k)** Perform 120 hours of Community Service Work at not less than 18 hours per month with a non-profit agency approved by this Court. Said hours to begin not later than 180 days from the date probation is granted. Pay any processing fee that may be required, not to exceed $50.00.

**(l)** Within 45 days, report to the Comprehensive Assessment and Treatment Services (C.A.T.S.) at 133 North Industrial Blvd., 9th floor, Dallas, Texas 75207 and faithfully participate in any recommended treatment or programs as deemed appropriate by C.A.T.S.

**(m)** Show proof of High School degree or GED and/or participate in and complete GED classes and/or literacy classes as instructed by the supervision officer to begin on or before _August 11, 2001_ .

Witness our signatures this 28 day of November, 2001.

X _____
PROBATIONER

_____
JUDGE

_____
OFFICER SERVING THE CONDITIONS

page 2 of 2

```
****************************************************************************
10/03/01  1610              DALLAS POLICE DEPARTMENT                  PAGE 01
****************************************************************************
```

SERVICE#: 0735642K        ARREST#: 01-055167

AFFIDAVIT FOR ARREST WARRANT     COUNTY OF DALLAS     STATE OF TEXAS

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED THE UNDERSIGNED AFFIANT WHO, AFTER BEING DULY SWORN BY ME, ON OATH STATED: MY NAME IS _____ B.SUNDQUIST _____ AND I AM A PEACE OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS. I, THE AFFIANT, HAVE GOOD REASON AND DO BELIEVE THAT ON OR ABOUT 21 SEPTEMBER 2001   ONE ESCAMILLA,JUAN,                  DID THEN AND THERE IN THE CITY OF DALLAS, DALLAS COUNTY, TEXAS COMMIT THE OFFENSE(S) OF:

```
        EVADING ARREST/VEHICLE        SJ      38.04     0771048K
        UNAUTHORIZE USE VEHICLE       SJ      31.07     0735642K
```

AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS AND INFORMATION:

HAECKER,TODD EUGENE ___ 7996 , A FELLOW PEACE OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, WHO PERSONALLY PARTICIPATED IN THE INVESTIGATION OF THESE ALLEGED OFFENSE(S), PROVIDING THIS INFORMATION TO AFFIANT, AND WHOSE INFORMATION AFFIANT BELIEVES TO BE CREDIBLE.

ON OCTOBER 03, 2001 AT ABOUT 1215 P.M. OFFICER(S) HAECKER,TODD EUGENE # 7996 AND MILES,RONALD W # 2511 PERSONALLY OBSERVED THE MOTOR VEHICLE IN WHICH THE SUSPECT WAS THE DRIVER COMMIT THE TRAFFIC VIOLATION OF REGISTRATION VIOLATION (EXPIRED DEALER TAGS) ON VEHICLE ARRESTEE ESCAMILLA, JUAN WAS DRIVING,5100 SINGLETON A PUBLIC STREET OR HIGHWAY IN DALLAS, DALLAS COUNTY, TEXAS.

CHARGE DESCRIPTION:     EVADING ARREST/VEHICLE

OFFICERS HAECKER,TODD EUGENE            #7996 AND MILES,RONALD W #2511 THEN ATTEMPTED TO DETAIN SUSPECT FOR A REGISTRATION VIOLATION
BECAUSE: OFFICERS PERSONALLY OBSERVED THE SUSPECT COMMIT THE OFFENSE. WHEN SAID OFFICERS ATTEMPTED TO DETAIN THE SUSPECT, THE SUSPECT TOOK EVASIVE ACTION IN ORDER TO ELUDE THE OFFICERS BY INTENTIONALLY FLEEING: IN A VEH, FROM 5100 SINGLETON TO NB PEORIA, RUNNING STOPSIGN AT BERNAL AND WRECKING OUT AT 3900 PEORIA WHERE HE TRIED TO RUN FROM A/OS ON FOOT. THE SUSPECT KNEW THAT SAID OFFICERS WERE OFFICERS ATTEMPTING TO DETAIN HIM BECAUSE: OFFICERS WERE IN A MARKED POLICE VEHICLE WITH RED LIGHTS AND SIREN ON.

TLETS WAS DOWN AND J.I. 55 REVEALED NO PRIOR CONVICTIONS.

CHARGE DESCRIPTION:     UNAUTHORIZE USE VEHICLE

ON 10/3/2001 AT APPROXIMATELY 12:13 PM, A/O'S
HAECKER #7996 AND MILES #2511 PERSONALLY OBSERVED
AP ESCAMILLA DRIVING A 1998 GREEN, TOYOTA CAMRY
WITH EXPIRED PAPER DEALER TAGS DATED 9/30/01.
A/O'S ATTEMPTED TO MAKE A TRAFFIC STOP ON THE AP
BY TURNING ON THE SQUAD CAR'S LIGHTS AND
SIREN AT 5100 SINGLETON BLVD. THE AP THEN INTENTIONALLY

```
****************************************************************
10/03/01 1610          DALLAS POLICE DEPARTMENT           PAGE 02
****************************************************************

SERVICE#: 0735642K        ARREST#: 01-055167

AFFIDAVIT (CONTINUED)

FLED IN THE LISTED VEHICLE FROM A/O'S.
SEE RELATED SERVICE NUMBER #771048-K.
THE AP FLED EAST BOUND ON SINGLETON TURNING NORTH
BOUND ON PEORIA, REACHING A TOP SPEED OF 60 MILES
PER HOUR.  THE AP THEN RAN A STOP SIGN AT BERNAL AND
PEORIA BEFORE HE WRECKED OUT BY HITTING A TELEPHONE
POLE AT 3900 PEORIA.  SEE RELATED SERVICE NUMBER #771054-K.
THE AP THEN FLED THE VEHICLE ON FOOT WEST BOUND BEFORE
BEING APPREHENDED BY A/O'S.  AP WAS ARRESTED FOR
EVADING ARREST. SEE RELATED SERVICE NUMBER #771048-K.
A CHECK OF THE VEHICLE BY VIN NUMBER #JT2BG22K9W0141519, REVEALED
THAT THE VEHICLE WAS STOLEN ON 9/21/2001. CONFIRMED
STOLEN BY NINA.  AP WAS READ
HIS MIRANDA WARNING AT 1:20 PM BY A/O HAECKER #7996
AND THE AP STATED HE TOOK THE VEHICLE FROM
THE FINA GAS STATION AT SINGLETON AND WALTON WALKER
AND THAT HE TOOK THE LICENSE PLATES OFF AND THREW THEM AWAY.
THE KEYS WERE IN THE IGNITION.
TLETS WAS DOWN AND J.I. 55 SHOWED NO PRIOR CONVICTIONS.
```

_____AFFIANT_____   WHEREFORE AFFIANT REQUESTS THAT AN ARREST
                          WARRANT BE ISSUED FOR THE ABOVE ACCUSED
                          INDIVIDUAL IN ACCORDANCE WITH THE LAW.

SUBSCRIBED AND SWORN TO BEFORE ME ON
DATE: OCT-03 2001
                          _____MAGISTRATE_____

****************************************************************

No. F0157491S / F0157490S

THE STATE OF TEXAS      282ND JUDICIAL DISTRICT COURT
VS.      DALLAS COUNTY, TEXAS

Juan Escamilla

MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That __Juan Escamilla__, Defendant was duly and legally placed on probation in the above entitled and numbered cause in the 282nd Judicial District Court of Dallas County, Texas, on the __28th__ day of __November__, 2001, A.D. of the offense of

Unauthorized Use of Motor Vehicle and Evading Arrest Det/Motor Vehicle AS CHARGED IN THE INDICTMENT

That Defendant has violated the following conditions __b & c__ of said probation in that

**(SEE ATTACHED)**

This violation occurred after __November 28, 2001__ and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why his probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the __5th__ day of __April__, A.D. 2002.

BILL HILL, District Attorney, Dallas County, Texas

BY: _____
ASSISTANT DISTRICT ATTORNEY

A copy of this motion was delivered to the Defendant on

the _____ day of _____, A.D. 20_____.

```
*********************
*   F I L E D       *
*   MARCIA WATERS   *
*   April 5, 2002   *
*                   *
*   JIM HAMLIN      *
*   DISTRICT CLERK  *
*   DALLAS CO., TEXAS *
*                   *
*                   *
*        DEPUTY     *
*********************
```

_____
COMMUNITY SUPERVISION OFFICER

F0157491S / F0157490S

April 5, 2002
THE STATE OF TEXAS                    282ND JUDICIAL DISTRICT COURT
VS.                                   DALLAS COUNTY, TEXAS

Juan Escamilla

        (b) Do not possess, use or ingest illegal drugs.

(The above named submitted urinalysis on February 5, 2002 which tested positive for Marijauna and Cocaine.)

(c) Obey all the rules and regulations of the Community Supervision and Corrections Department and REPORT to the supervision officer as directed by the Judge or the supervision officer; to-wit: WEEKLY, MONTHLY OR TWICE MONTHLY.

(The above named failed to report as directed during the Months of February and March 2002.)


C323559     I/D
JS

JUDGMENT
CERTIFICATE OF THUMBPRINT

CAUSE NO. _F0157490_

THE STATE OF TEXAS          IN THE _282nd_

VS.          DISTRICT COURT

_Juan Escamilla_          DALLAS COUNTY, TEXAS

**Right Thumb***          Defendant's _Right_ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS _28th_ DAY OF _November_, 20_01_.

_F Bush 736_
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint is placed in box:

☐ left thumbprint      ☐ left/right index finger

☐ other, _____

```
Case 3:06-cv-02248-O  -BH  Document 26-11  Filed 05/05/08  Page 15 of 20  PageID 640
```

```
************************************************************************
10/03/01 1610              DALLAS POLICE DEPARTMENT                PAGE 01
************************************************************************

SERVICE#: 0735642K          ARREST#: 01-055167

AFFIDAVIT FOR ARREST WARRANT      COUNTY OF DALLAS      STATE OF TEXAS

    BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY
APPEARED THE UNDERSIGNED AFFIANT WHO, AFTER BEING DULY SWORN BY ME, ON
OATH STATED: MY NAME IS _____B SUNDQUIST_____ AND I AM A PEACE
OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS.  I, THE AFFIANT,
HAVE GOOD REASON AND DO BELIEVE THAT ON OR ABOUT 21 SEPTEMBER 2001   ONE
ESCAMILLA, JUAN,             DID THEN AND THERE IN THE CITY OF DALLAS,
DALLAS COUNTY, TEXAS COMMIT THE OFFENSE(S) OF:

        EVADING ARREST/VEHICLE       SJ      38.04      0771048K
        UNAUTHORIZE USE VEHICLE      SJ      31.07      0735642K

AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS AND INFORMATION:

HAECKER,TODD EUGENE ___ 7996 , A FELLOW PEACE OFFICER OF THE CITY OF
DALLAS, DALLAS COUNTY, TEXAS, WHO PERSONALLY PARTICIPATED IN THE
INVESTIGATION OF THESE ALLEGED OFFENSE(S), PROVIDING THIS INFORMATION TO
AFFIANT, AND WHOSE INFORMATION AFFIANT BELIEVES TO BE CREDIBLE.

ON OCTOBER 03, 2001 AT ABOUT 1215 P.M. OFFICER(S) HAECKER,TODD EUGENE #
7996 AND MILES,RONALD W # 2511 PERSONALLY OBSERVED THE MOTOR VEHICLE IN
WHICH THE SUSPECT WAS THE DRIVER COMMIT THE TRAFFIC VIOLATION OF
REGISTRATION VIOLATION (EXPIRED DEALER TAGS) ON VEHICLE ARRESTEE
ESCAMILLA, JUAN WAS DRIVING,5100 SINGLETON A PUBLIC STREET OR HIGHWAY IN
DALLAS, DALLAS COUNTY, TEXAS.


CHARGE DESCRIPTION:      EVADING ARREST/VEHICLE

OFFICERS HAECKER,TODD EUGENE              #7996 AND MILES,RONALD W #2511 THEN
ATTEMPTED TO DETAIN SUSPECT FOR A REGISTRATION VIOLATION
BECAUSE: OFFICERS PERSONALLY OBSERVED THE SUSPECT COMMIT THE OFFENSE. WHEN
SAID OFFICERS ATTEMPTED TO DETAIN THE SUSPECT, THE SUSPECT TOOK EVASIVE
ACTION IN ORDER TO ELUDE THE OFFICERS BY INTENTIONALLY FLEEING: IN A VEH,
FROM 5100 SINGLETON TO NB PEORIA, RUNNING STOPSIGN AT BERNAL AND WRECKING
OUT AT 3900 PEORIA WHERE HE TRIED TO RUN FROM A/OS ON FOOT. THE SUSPECT
KNEW THAT SAID OFFICERS WERE OFFICERS ATTEMPTING TO DETAIN HIM BECAUSE:
OFFICERS WERE IN A MARKED POLICE VEHICLE WITH RED LIGHTS AND SIREN ON.

TLETS WAS DOWN AND J.I. 55 REVEALED NO PRIOR CONVICTIONS.

CHARGE DESCRIPTION:     UNAUTHORIZE USE VEHICLE

ON 10/3/2001 AT APPROXIMATELY 12:13 PM, A/O'S
HAECKER #7996 AND MILES #2511 PERSONALLY OBSERVED
AP ESCAMILLA DRIVING A 1998 GREEN, TOYOTA CAMRY
WITH EXPIRED PAPER DEALER TAGS DATED 9/30/01.
A/O'S ATTEMPTED TO MAKE A TRAFFIC STOP ON THE AP
BY TURNING ON THE SQUAD CAR'S LIGHTS AND
SIREN AT 5100 SINGLETON BLVD.  THE AP THEN INTENTIONALLY
```

```
****************************************************************
10/03/01 1610            DALLAS POLICE DEPARTMENT          PAGE 02
****************************************************************

SERVICE#: 0735642K          ARREST#: 01-055167

AFFIDAVIT (CONTINUED)

FLED IN THE LISTED VEHICLE FROM A/O'S.
SEE RELATED SERVICE NUMBER #771048-K.
THE AP FLED EAST BOUND ON SINGLETON TURNING NORTH
BOUND ON PEORIA, REACHING A TOP SPEED OF 60 MILES
PER HOUR.  THE AP THEN RAN A STOP SIGN AT BERNAL AND
PEORIA BEFORE HE WRECKED OUT BY HITTING A TELEPHONE
POLE AT 3900 PEORIA.  SEE RELATED SERVICE NUMBER #771054-K.
THE AP THEN FLED THE VEHICLE ON FOOT WEST BOUND BEFORE
BEING APPREHENDED BY A/O'S.  AP WAS ARRESTED FOR
EVADING ARREST. SEE RELATED SERVICE NUMBER #771048-K.
A CHECK OF THE VEHICLE BY VIN NUMBER #JT2BG22K9W0141519, REVEALED
THAT THE VEHICLE WAS STOLEN ON 9/21/2001. CONFIRMED
STOLEN BY NINA.  AP WAS READ
HIS MIRANDA WARNING AT 1:20 PM BY A/O HAECKER #7996
AND THE AP STATED HE TOOK THE VEHICLE FROM
THE FINA GAS STATION AT SINGLETON AND WALTON WALKER
AND THAT HE TOOK THE LICENSE PLATES OFF AND THREW THEM AWAY.
THE KEYS WERE IN THE IGNITION.
TLETS WAS DOWN AND J.I. 55 SHOWED NO PRIOR CONVICTIONS.

_____[signature]_____    WHEREFORE AFFIANT REQUESTS THAT AN ARREST
       AFFIANT             WARRANT BE ISSUED FOR THE ABOVE ACCUSED
                           INDIVIDUAL IN ACCORDANCE WITH THE LAW.

SUBSCRIBED AND SWORN TO BEFORE ME ON
DATE: OCT 03 2001          _____[signature]_____
                                       MAGISTRATE

****************************************************************
```

No. F0157491S / F0157490S

| | |
|---|---|
| THE STATE OF TEXAS | 282ND JUDICIAL DISTRICT COURT |
| VS. | DALLAS COUNTY, TEXAS |

Juan Escamilla

AMENDED

MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That Juan Escamilla, Defendant was duly and legally placed on probation in the above entitled and numbered cause in the 282nd Judicial District Court of Dallas County, Texas, on the 28th day of November, 2001, A.D. of the offense of

Unauthorized Use of Motor Vehicle and Evading Arrest Det/Motor Vehicle AS CHARGED IN THE INDICTMENT

That Defendant has violated the following conditions a, b & c of said probation in that

(SEE ATTACHED)

This violation occurred after November 28, 2001 and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why his probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the 15th day of August, A.D. 2002.

BILL HILL, District Attorney, Dallas County, Texas

BY: _____
ASSISTANT DISTRICT ATTORNEY

A copy of this motion was delivered to the Defendant on

the 15th day of August, A.D. 20 02.

_____
COMMUNITY SUPERVISION OFFICER

```
*********************
*    F I L E D      *
*   MARCIA WATERS   *
*  August 15, 2002  *
*                   *
*    JIM HAMLIN     *
*  DISTRICT CLERK   *
*  DALLAS CO., TEXAS*
*                   *
*                   *
*     DEPUTY        *
*********************
```

F0157491S / F0157490S
August 15, 2002

THE STATE OF TEXAS
VS.

282ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

<u>Juan Escamilla</u>

(a) Commit no offenses against the laws of this State or any other State of the United States and do not possess a firearm during the term of Community Supervision.

(On or about July 27, 2002 in Irving, Texas, Juan Escamilladid unlawfully, knowingly, and intentionally carry on or about his person, a handgun,)

(b) Do not possess, use or ingest illegal drugs.

(The above named submitted urinalysis on February 5, 2002 which tested positive for Cocaine/Marijuana.)

(c) Obey all the rules and regulations of the Community Supervision and Corrections Department and REPORT to the supervision officer as directed by the Judge or the supervision officer; to-wit: WEEKLY, MONTHLY OR TWICE MONTHLY.

(The above named failed to report as directed during the Months of February through July 2002.)


C323559      I/D
JS/JS



# JIM HAMLIN
## DALLAS COUNTY DISTRICT CLERK

### Notice of Probation Violation

**DATE:** 03-Jun-02

**TO:** 282 nd

**FROM:** Felony Collection Dept.

**RE:** JUAN ESCAMILLA
F-0157490 S

*AcTive P/v waRRaut*

---

The above-referenced defendant has been placed in the Felony Collection Department's 90-day delinquency file due to failure to pay the court ordered fines and/or court costs in the amount of $998.00.

In the event said defendant is brought before the court for any additional probation violation, we respectfully ask the court to address this matter.

NOPV90REV08/00

133 N. Industrial Blvd. LB 12 * DALLAS, TEXAS 75207 (214) 712-3089 or (214) 712-3088
FAX (214) 653-5986  e-mail: dparkersmith@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html

NO. _F0157410_

| THE STATE OF TEXAS | IN THE __282__ |
|---|---|
| VS. | DISTRICT COURT_____OF |
| _Juan Escamilla_ | DALLAS COUNTY, TEXAS |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF MAGISTRATE
### ORIGINAL PLEA

The above styled and numbered cause having been duly and legally referred to a Magistrate for a hearing on a negotiated plea of guilty, nolo contendere or true, the following Findings, Conclusions and Recommendations are hereby made by the Magistrate for consideration by the District Judge:

<u>FINDINGS:</u>

ON THE __28th__ DAY OF __November__, 19__2001__.

__X__ Defendant appeared in open Court with his/her attorney, the Honorable _Brady Wyatt_.

____ Defendant in open Court and in writing, and with the consent and approval of his/her attorney, waived his/her right to prosecution by indictment and agreed to be tried on an affidavit and information.

__X__ Defendant waived his/her right to trial by jury in person and in writing in open Court, with the consent of the attorney for the State and approval of the Magistrate.

__X__ Defendant in open Court and in writing waived the reading of the charging instrument, the appearance, confrontation and cross-examination of witnesses, and agreed that evidence may be stipulated, and consented to the introduction of testimony orally, by judicial confession, by affidavits, written statements of witnesses and any other documentary evidence. Such waiver and consent was approved by the Magistrate and filed with the papers of this cause.

__X__ Defendant was duly admonished of the consequences of entering his/her plea and as to the range of punishment involved therein.

__X__ Defendant pleaded guilty/~~nolo contendere~~/~~true~~ to the offense of

**EVADING ARREST-DETENTION FACILITY USING VEHICLE, PREVIOUS CONVICTION-ENHANCED**

__X__ Defendant was admonished according to Art. 26.13, Code of Criminal Procedure.

<u>THE EVIDENCE PROVES BEYOND A REASONABLE DOUBT AND THE MAGISTRATE FURTHER FINDS:</u>

__X__ Defendant is mentally competent.

__X__ The judicial confession/stipulation admitted herein is sufficient in law to prove a prima facie case.

__X__ Defendant used or exhibited a deadly weapon, to wit: _____ _____ during the commission of or during immediate flight from the offense.

__X__ The offense was committed on the __3RD__ day of __OCTOBER__, 19__2001__

____ The allegations contained in the enhancement paragraph(s) are true.

__X__ Defendant found to have committed the offense as charged in the charging instrument.

____ Defendant found to have committed an offense other than that charged in the charging instrument, to wit: _____.