**CONCLUSIONS:**

_X_ Defendant entered his/her plea freely and voluntarily.

_X_ Defendant was not coerced or unlawfully persuaded to enter his/her plea.

_X_ The plea bargain agreement should be followed.

_X_ Defendant, after being given a copy of the terms and conditions of community supervision, understood those terms and conditions.

**RECOMMENDATIONS:**

____ Defendant be found not guilty.

____ Defendant be found guilty of the offense of _____

_X_ The finding of guilt and further adjudication be deferred and Defendant be placed on community supervision for a term of __4__ years.

_X_ A fine of $ 500 AS A CONDITION OF PROBATION be assessed.

____ Defendant be assessed confinement in the State/County Jail for a period of _____ days/months/years.

____ Defendant be assessed imprisonment in the Institutional Division of the Texas Department of Criminal Justice for _____ years.

____ Community Supervision be granted for a period of _____ years.

____ Restitution: to be determined / of $ _____ be ordered.

_X_ Court costs be assessed.

____ Grant Defendant's (waiver of 10 days to prepare) (waiver of indictment) (waiver of delay of arraignment).

____ The allegations in the enhancement paragraph(s) are true.

____ A deadly weapon was used or exhibited.

____ Name change granted.

**ADDITIONAL RECOMMENDATIONS:**

FILED NOV 28 2001

SIGNED THIS _____ DAY OF _____, 19 ____

_____
MAGISTRATE

**ORDER ADOPTING ACTIONS OF MAGISTRATE**

BE IT KNOWN that the Court has reviewed the actions taken by the Magistrate sitting for this Court in the above numbered and styled cause, which include all findings, conclusions and recommendations contained in this document, all orders contained on the docket sheet in this cause and within the papers filed in this cause, as well as any exhibits introduced into evidence in this cause.

IT IS HEREBY ORDERED AND DECREED that the Court specifically adopts and ratifies the actions taken by the Magistrate on behalf of this Court in compliance with Subchapter D of Chapter 54 of the Texas Government Code and further GRANTS DENIES community supervision to Defendant.

NOV 28 2001

SIGNED THIS THE _____ DAY OF _____, 19 ____.

_____
JUDGE

_____ DISTRICT COURT
DALLAS COUNTY, TEXAS

(rev. 8/94)

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 204TH JUDICIAL DISTRICT |
| VS. | COURT OF |
| JUAN ESCAMILLA | DALLAS COUNTY, TEXAS |

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
## WAIVER OF JURY TRIAL

JANUARY TERM, A.D., 2004

JUDGE PRESIDING: MARK NANCARROW        DATE OF JUDGMENT: 02/03/04

ATTORNEY FOR STATE: ELAINE EVANS         ATTORNEY FOR DEFENDANT: GILBERT MEDINA

OFFENSE CONVICTED OF: UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, TO WIT COCAINE

DEGREE: THIRD    (ENHANCED)    DATE OFFENSE COMMITTED: 04/10/03

CHARGING INSTRUMENT: INDICTMENT         PLEA: GUILTY

TERMS OF PLEA BARGAIN (IN DETAIL): 2 YEARS PENITENTIARY, NO FINE

PLEA TO ENHANCEMENT PARAGRAPH(S): PLEA TRUE 2ND/3RD         FINDINGS ON ENHANCEMENT: FOUND 2ND/3RD TRUE

FINDINGS ON DEADLY WEAPON, BIAS OR PREJUDICE, AND/OR FAMILY VIOLENCE: NO FINDING

DATE SENTENCE IMPOSED: 02/03/04         COSTS: YES

PUNISHMENT AND PLACE OF CONFINEMENT: 2 YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND A FINE OF - 0 -         DATE TO COMMENCE: 02/03/04

TIME CREDITED: 4/10/03;4/14/03-12/3/03;2/3/04         RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

DH         VOL. 455  PAGE 75

ON THIS DAY SET FORTH ABOVE, THE ABOVE STYLED AND NUMBERED CAUSE CAME ON TO BE HEARD, AND THE STATE APPEARED BY HER DISTRICT ATTORNEY AND THE DEFENDANT APPEARED IN PERSON IN OPEN COURT WITH HIS ATTORNEY OF RECORD, BOTH PARTIES ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT TO REPRESENTATION BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION. ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. DEFENDANT WAS DULY ARRAIGNED AND IN OPEN COURT ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. DEFENDANT WAS ADMONISHED BY THE COURT OF THE CONSEQUENCES OF THE SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND SAID PLEA IS FREE AND VOLUNTARY THE SAID PLEA WAS ACCEPTED BY THE COURT AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, THE APPEARANCE, CONFRONTATION, AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSIONS, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE. SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE COURT IN WRITING AND FILED IN THE PAPERS OF THE CAUSE. THE COURT HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, AS SHOWN ABOVE, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL, IS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT DEFENDANT IS GUILTY OF THE OFFENSE AS SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. THE COURT FURTHER MAKES IT FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, RESTITUTION OR REPARATION AS SET FORTH ABOVE.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCE-MENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE COURT, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S) AS SET OUT ABOVE AND AFTER HEARING FURTHER EVIDENCE ON THE ISSUE OF PUNISHMENT, MAKES ITS FINDING AS SET OUT ABOVE. IF TRUE, THE COURT IS OF THE OPINION AND FINDS DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSE(S) ALLEGED IN THE SAID ENHANCEMENT PARAGRAPH(S) AS MAY BE SHOWN ABOVE.

AND WHEN SHOWN ABOVE THAT THERE WAS A PLEA BARGAIN AGREEMENT, THE DEFENDANT WAS INFORMED AS TO WHETHER THE COURT WOULD FOLLOW OR REJECT SUCH AGREEMENT AND IF THE COURT REJECTED SUCH AGREEMENT THE DEFENDANT WAS GIVEN AN OPPORTUNITY TO WITHDRAW HIS PLEA PRIOR TO ANY FINDING ON THE PLEA.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED BUT, THE COURT DETERMINES THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGEMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE COURT FINDS THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

THEREUPON THE SAID DEFENDANT WAS ASKED BY THE COURT WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF, AND IT APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS;

IT IS, THEREFORE, CONSIDERED AND ORDERED BY THE COURT, IN THE PRESENCE OF DEFENDANT, AND HIS ATTORNEY, THAT SAID JUDGMENT AS SET FORTH ABOVE, IS HEREBY IN ALL THINGS APPROVED AND CONFIRMED, AND THAT SAID DEFENDANT BE ADJUDGED GUILTY OF THE OFFENSE AS SHOWN ABOVE, AND THAT SAID DEFENDANT BE PUNISHED IN ACCORDANCE WITH THE PUNISHMENT SET FORTH ABOVE, AND DEFENDANT IS SENTENCED TO A TERM OF IMPRISONMENT OR FINE OR BOTH, AS SET FORTH ABOVE, AND DEFENDANT SHALL BE DELIVERED BY THE SHERIFF TO THE DIRECTOR OF THE INSTITU-TIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OR OTHER

PERSON LEGALLY AUTHORIZED TO RECEIVE SUCH FINES AND FEES. THE PUNISHMENT ASSESSED HEREIN AS TO DEFENDANT SHALL BE CONFINED FOR THE ABOVE NAMED TERM IN ACCORDANCE WITH THE PROVISIONS OF LAW GOVERNING SUCH PUNISHMENTS. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE, COURT COST, COSTS AND EXPENSES OF LEGAL SERVICE PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION, AS SET FORTH HEREIN.

DEFENDANT IS HEREBY ORDERED REMANDED TO JAIL UNTIL SAID SHERIFF CAN OBEY THE DIRECTIONS OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

WHEN REQUIRED, A PRESENTENCE INVESTIGATION WAS CONDUCTED IN ACCORDANCE WITH THE APPLICABLE PROVISIONS OF LAW.

COSTS AND EXPENSES OF COURT APPOINTED ATTORNEY IN THE AMOUNT OF $673.00 TO BE PAID.

\* Immediately upon release, defendant must report in person to the Felony Collections Dept., 2nd fl., Rm. C2-3, Crowley Courts Bldg., Dallas, TX for payment arrangement of court ordered costs, fines and/or attorney fees.

_(signature)_

JUDGE PRESIDING

JUDGMENT
CERTIFICATE OF THUMBPRINT

CAUSE NO. F03-34676

| | |
|---|---|
| THE STATE OF TEXAS | IN THE |
| VS. | DALLAS CO. TEXAS |
| Juan Escamilla | DISTRICT COURT |
| | DALLAS COUNTY, TEXAS |

**Right Thumb***

Defendant's _right_ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS _3rd_ DAY OF _February_, 20 _04_.

_____
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint is placed in box:

☐ left thumbprint     ☐ left/right index finger

☐ other, _____

VG

**DEFENDANT** Escamilla, Juan     **CHARGE** POSS CS 3RD

AKA:

**ADDRESS**    4146 Maybeth Street, Dallas, Tx    **LOCATION** DSO

**FILING AGENCY** TX0571500    **DATE FILED** April 17, 2003    **COURT**    CDC1

**COMPLAINANT**    Todd, S      F-0334670    **VT#:**

C/C

---

THE STATE OF TEXAS        CAUSE NO. F-0334670

VS.        CRIMINAL DISTRICT COURT 1

**Escamilla, Juan**        DALLAS COUNTY, TEXAS

## JUDICIAL CONFESSION

Comes now Defendant in the above cause, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession, and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the    10 th    day of April A.D., 2003       , in Dallas County, Texas, I did unlawfully,

unlawfully, intentionally and knowingly possess a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram,

And it is further presented to said Court that prior to the commission of the aforesaid offense set forth in the first paragraph above, the said defendant was convicted of a felony offense of EVADE ARREST/DETENTION/MOTOR VEHICLE, on the 26TH day of SEPTEMBER, 2002, A.D., in Cause Number F01-57490-PS on the docket of 282ND JUDICIAL DISTRICT COURT, of DALLAS County, Texas under the name of JUAN ESCAMILLA and said conviction was a final conviction,

And it is further presented to said Court that prior to the commission of the aforesaid offense set forth in the first paragraph above, the said defendant was convicted of a felony offense of UNAUTHORIZED USE OF A MOTOR VEHICLE, on the 26TH day of SEPTEMBER, 2002, A.D., in Cause Number F01-57491-PS on the docket of 282ND JUDICIAL DISTRICT COURT, of DALLAS County, Texas under the name of JUAN ESCAMILLA and said conviction was a final conviction,

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

APPROVED BY:

_____      _____
Attorney for Defendant                      Defendant

SWORN TO AND SUBSCRIBED before me on the _____3rd_____ day of _February_, 20 _04_

APPROVED BY:

                              JIM HAMLIN, CLERK
                              DISTRICT COURTS OF
                              DALLAS COUNTY, TEXAS

_____    By _____
Assistant District Attorney                        Deputy District Clerk

Defendant's agreement to stipulate and waiver of confrontation and cross-examination of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court.

                                               _____
                                               PRESIDING JUDGE

JUDICIAL CONFESSION

VG

**DEFENDANT** Escamilla, Juan     W M   09301983   **CHARGE** POSS CS 3RD

**AKA:**

**ADDRESS**   4146 Maybeth Street, Dallas, Tx     **LOCATION** DSO

**FILING AGENCY** TX0571500   **DATE FILED** April 17, 2003     **COURT**   CDC1

**COMPLAINANT** Todd, S     F-0334670     **VT#:**

**C/C**

---

### TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of

Dallas County, State of Texas, duly organized at the   April   Term, A.D.,   2003   of the

    Criminal District Court 1    , Dallas County, in said Court at said

Term, do present that one     **ESCAMILLA, JUAN**    , Defendant,

On or about the   10th   day of April A.D., 2003   in the County of Dallas and said State, did

unlawfully, intentionally and knowingly possess a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram,

    And it is further presented to said Court that prior to the commission of the aforesaid offense set forth in the first paragraph above, the said defendant was convicted of a felony offense of EVADE ARREST/DETENTION/MOTOR VEHICLE, on the 26TH day of SEPTEMBER, 2002, A.D., in Cause Number F01-57490-PS on the docket of 282ND JUDICIAL DISTRICT COURT, of DALLAS County, Texas under the name of JUAN ESCAMILLA and said conviction was a final conviction,

    And it is further presented to said Court that prior to the commission of the aforesaid offense set forth in the first paragraph above, the said defendant was convicted of a felony offense of UNAUTHORIZED USE OF A MOTOR VEHICLE, on the 26TH day of SEPTEMBER, 2002, A.D., in Cause Number F01-57491-PS on the docket of 282ND JUDICIAL DISTRICT COURT, of DALLAS County, Texas under the name of JUAN ESCAMILLA and said conviction was a final conviction,

against the peace and dignity of the State.

**Bill Hill**                          _[signature]_
Criminal District Attorney of Dallas County, Texas     Foreman of the Grand Jury.

DEFENDANT/COURTS

Cause No. F 03-34670-Q

| STATE OF TEXAS | § | IN THE |
| VS. | § | _204th_ DISTRICT COURT |
| Juan Escamilla | § | DALLAS COUNTY, TEXAS |

2004 FEB -3 AM 11: [filed stamp]

## PLEA AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

**Defendant's plea:** [X] Guilty     [ ] Nolo contendere
[ ] Defendant will testify.    [X] Defendant will NOT testify.
**Plea to enhancement paragraph(s):** [ ] True    [ ] Not true
**Type of plea:** [ ] Plea bargain    [ ] Open plea
**Open as to:** [ ] Deferred Adjudication [ ] Community Supervision [ ] Fine [ ] Restitution
[ ] Other:_____
**State's recommendation:** _____
**Agreed sentence:**
[X] Confinement in (penitentiary)(state jail)(county jail) for __2__ (years)(months)(days).
[ ] Post-conviction community supervision, confinement probated for _____ (years)(months)(days).
[ ] Deferred community supervision for _____ (years)(months)(days).
[ ] Fine of $_____. [ ] To be paid. [ ] To be probated.
[ ] Boot Camp [ ] Shock Probation [ ] Substance Abuse Felony Program
[ ] Judicial Drug Treatment Center [ ] CENIKOR [ ] Dallas County Jail Chemical Dependency Program
[ ] Restitution in the amount of $_____. [ ] Back-time NOT included.
[X] Back-time included _____
[X] Defendant will sign waiver of extradition. [ ] Defendant knowingly and voluntarily waives appeal.
[X] Other: _Cases to run concurrent_.

[ ] **CHANGE OF NAME** *(Applicable only if box is checked)*
The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be _____, said motion is hereby granted. It is so ordered.

### COURT'S ADMONITIONS TO DEFENDANT

You are charged with the offense of: _Poss of Controlled Substance 4-1 (Enhanced)_
The punishment range for the offense charged is:
[ ] 1st Degree Felony, 5 - 99 years or Life and an optional fine not to exceed $10,000.00.
[X] 2nd Degree Felony, 2 - 20 years confinement and an optional fine not to exceed $10,000.00.
[ ] 3rd Degree Felony, 2 - 10 years confinement and an optional fine not to exceed $10,000.00.
[ ] State Jail Felony, 180 days - 2 years State Jail and an optional fine not to exceed $10,000.00.
[ ] _____,_____.

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the Court rejects any plea bargain made in this case. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or nolo contendere and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or nolo contendere may, and under current Federal Immigration rules *is almost certain to,* result in your deportation, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as if the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

### DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witnesses against me, and that I have a right to be tried upon an indictment returned by a grand jury. I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit and judicially confess that I committed the offense of _____ exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

[ ✓ ] I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

[ ] I understand that I have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal.

[✓] **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*
I, the defendant, plead true to the (second), (third), (second and third) enhancement paragraph(s) which is/are contained in the charging instrument, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

## SIGNATURES AND ACKNOWLEDGMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

2/3/04
Date

Defendant
Printed Name: JUAN ESCAMILLA

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

2/3/04
Date

Attorney for Defendant
Printed Name: GILBERT MEDINA Jr
State Bar # 13894978

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

2/3/04
Date

BILL HILL, Criminal District Attorney, Dallas County, by
Elaine Evans for Kate Router
Assistant District Attorney
Printed Name: Elaine Evans
State Bar # 24032880

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_____
Date

_____
Judge

(Revised 01-15-03)

NO. F03-34670

| | | |
|---|---|---|
| STATE OF TEXAS | )( | IN THE CRIMINAL COURT |
| VS. | )( | |
| Juan Escamilla | )( | 204th DISTRICT |
| Defendant-Principal | | |
| | )( | |
| Cynthia Barbare | | |
| Defendant-Surety | )( | DALLAS COUNTY, TEXAS |

### BOND FORFEITURE SETTLEMENT AGREEMENT

COMES NOW, DEFENDANT-SURETY, in the above styled and numbered cause, and being joined by the State of Texas, does enter into this Settlement Agreement, and would show this Honorable Court the following:

THAT, it is Agreed between the parties that this matter should be settled in the following manner, to-wit: Judgment against State. Defendant arrested 12-2-2003 within 18 days of forfeiture Court costs only.

AGREED:

BILL HILL
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

By: _____
    Assistant District Attorney

By: _____
    Defendant-Surety, or
    Defendant-Surety's Attorney

### ORDER GRANTING SETTLEMENT

BE IT KNOWN that this Court accepts this Agreed Settlement.

Signed this  JAN 2 0 2004 , 2003.

_____
Magistrate

```
THE STATE OF TEXAS                           IN THE 204TH JUDICIAL DISTRICT
VS.                                          COURT                      OF
JUAN ESCAMILLA                               DALLAS COUNTY, TEXAS
```

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
WAIVER OF JURY TRIAL

JANUARY   TERM, A.D., 2004

JUDGE PRESIDING: MARK NANCARROW          DATE OF JUDGMENT: 02/03/04

ATTORNEY
FOR STATE: ELAINE EVANS                   ATTORNEY
                                          FOR DEFENDANT: GILBERT MEDINA

OFFENSE
CONVICTED OF:      UNLAWFUL POSSESSION OF A FIREARM BY A FELON

  DEGREE: THIRD                            DATE OFFENSE COMMITTED:  04/10/03

CHARGING
INSTRUMENT: INDICTMENT                     PLEA: GUILTY

TERMS OF PLEA
BARGAIN (IN DETAIL):  2 YEARS PENITENTIARY, FINE $2,000

PLEA TO ENHANCEMENT                        FINDINGS ON
PARAGRAPH(S):   N/A                        ENHANCEMENT: N/A

FINDINGS ON
  DEADLY WEAPON,           NO FINDING
  BIAS OR PREJUDICE,
  AND/OR
  FAMILY VIOLENCE:

DATE SENTENCE
IMPOSED:        02/03/04                              COSTS: YES

PUNISHMENT AND
PLACE OF         2 YEARS
CONFINEMENT: CONFINEMENT  IN  THE  INSTITUTIONAL DIVISION   DATE TO
             OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE    COMMENCE:  02/03/04
             AND A FINE OF $2,000.00

TIME CREDITED: 4/10/03-04/14/03;12/2/03-2/3/04
                                                 RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

DH                                                        VOL. 455  PAGE 73

ON THIS DAY SET FORTH ABOVE THIS CAUSE WAS CALLED FOR TRIAL, AND THE STATE APPEARED BY HER DISTRICT ATTORNEY AND THE DEFENDANT APPEARED IN PERSON AND BOTH PARTIES ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT WITH COUNSEL, IF ANY, BOTH THE DEFENDANT AND HIS COUNSEL, IF ANY, AND THE ATTORNEY REPRESENTING THE STATE AGREED IN OPEN COURT AND IN WRITING TO THE ABOVE NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT TO REPRESENTATION BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION. ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. DEFENDANT WAS DULY ARRAIGNED AND IN OPEN COURT ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. DEFENDANT WAS ADMONISHED BY THE COURT OF THE CONSEQUENCES OF THE SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND SAID PLEA IS FREE AND VOLUNTARY THE SAID PLEA WAS ACCEPTED BY THE COURT AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, THE APPEARANCE, CONFRONTATION, AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSIONS, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE. SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE COURT IN WRITING AND FILED IN THE PAPERS OF THE CAUSE. THE COURT HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, AS SHOWN ABOVE, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL, IS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT DEFENDANT IS GUILTY OF THE OFFENSE AS SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. THE COURT FURTHER MAKES IT FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, RESTITUTION OR REPARATION AS SET FORTH ABOVE.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCE-MENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE COURT, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S), AS SET OUT ABOVE AND AFTER HEARING FURTHER EVIDENCE ON THE ISSUE OF PUNISHMENT, MAKES ITS FINDING AS SET OUT ABOVE. IF TRUE, THE COURT IS OF THE OPINION AND FINDS DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSE(S) ALLEGED IN THE SAID ENHANCEMENT PARAGRAPH(S) AS MAY BE SHOWN ABOVE.

AND WHEN SHOWN ABOVE THAT THERE WAS A PLEA BARGAIN AGREEMENT, THE DEFENDANT WAS INFORMED AS TO WHETHER THE COURT WOULD FOLLOW OR REJECT SUCH AGREEMENT AND IF THE COURT REJECTED SUCH AGREEMENT THE DEFENDANT WAS GIVEN AN OPPORTUNITY TO WITHDRAW HIS PLEA PRIOR TO ANY FINDING ON THE PLEA.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED BUT, THE COURT DETERMINES THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGEMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE COURT FINDS THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

THEREUPON THE SAID DEFENDANT WAS ASKED BY THE COURT WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF, AND IT APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS;

IT IS, THEREFORE, CONSIDERED AND ORDERED BY THE COURT, IN THE PRESENCE OF DEFENDANT, AND HIS ATTORNEY, THAT SAID JUDGMENT AS SET FORTH ABOVE, IS HEREBY IN ALL THINGS APPROVED AND CONFIRMED, AND THAT SAID DEFENDANT BE ADJUDGED GUILTY OF THE OFFENSE AS SHOWN ABOVE, AND THAT SAID DEFENDANT BE PUNISHED IN ACCORDANCE WITH THE PUNISHMENT SET FORTH ABOVE, AND DEFENDANT IS SENTENCED TO A TERM OF IMPRISONMENT OR FINE OR BOTH, AS SET FORTH ABOVE, AND DEFENDANT SHALL BE DELIVERED BY THE SHERIFF TO THE DIRECTOR OF THE INSTITU-TIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OR OTHER

PERSON LEGALLY AUTHORIZED TO RECEIVE SUCH CONVICTS FOR THE PUNISHMENT ASSESSED AND SAID DEFENDANT SHALL BE CONFINED FOR THE ABOVE-NAMED TERM IN ACCORDANCE WITH THE PROVISIONS OF LAW GOVERNING SUCH PUNISHMENTS. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE, COURT COST, COSTS AND EXPENSES OF LEGAL SERVICE PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION, AS SET FORTH HEREIN.

DEFENDANT IS HEREBY ORDERED REMANDED TO JAIL UNTIL SAID SHERIFF CAN OBEY THE DIRECTIONS OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

WHEN REQUIRED, A PRESENTENCE INVESTIGATION WAS CONDUCTED IN ACCORDANCE WITH THE APPLICABLE PROVISIONS OF LAW.

COURT COSTS IN THE AMOUNT OF $273.00

*Immediately upon release, defendant must report in person to the Felony Collections Dept., 2nd fl., Rm. C2-3, Crowley Courts Bldg., Dallas, TX for payment arrangement of court ordered costs, fines and/or attorney fees

*/s/ Nancarrow*

JUDGE PRESIDING

JUDGMENT
CERTIFICATE OF THUMBPRINT

CAUSE NO. F03-34671

THE STATE OF TEXAS

VS.

Juan Escamilla

IN THE _____ DISTRICT COURT

DALLAS COUNTY, TEXAS

**Right Thumb***

Defendant's _right_ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS ___ DAY OF _February_, 20 _04_.

_____
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint is placed in box:

☐ left thumbprint    ☐ left/right index finger

☐ other, _____

FILED

VG

DEFENDANT Escamilla, Juan          W M   09301983 2004 FEB 3 AM 11 CHARGE UPF FELON

AKA:

JIM HAMLIN
DISTRICT CLERK
ADDRESS     4146 Maybeth Street, Dallas, Tx      LOCATION DSO'S

FILING AGENCY TX0571500    DATE FILED  April 17, 2003          COURT JDC292

COMPLAINANT  Todd, S                              F-0334671        VT#:

C/C

---

THE STATE OF TEXAS                              CAUSE NO. F-0334671

VS.
                                                292ND JUDICIAL DISTRICT COURT
**Escamilla, Juan**                              DALLAS COUNTY, TEXAS

**JUDICIAL CONFESSION**

    Comes now Defendant in the above cause, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession, and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the   10th   day of April A.D., 2003   , in Dallas County, Texas, I did unlawfully,

unlawfully then and there intentionally and knowingly possess a firearm, to-wit: a handgun, at a location other than the premises at which he lived, to wit: 2500 block of Crestview Circle, Irving, Dallas County, Texas,

    And prior to the commission of the said act, on the 28th day of November, 2001, in the 282nd Judicial District Court of Dallas County, Texas, in a case on the docket of said court, Docket Number F-0157491PS, and entitled the State of Texas vs. JUAN ESCAMILLA, the said defendant was duly and legally convicted of the felony offense of Unlawful Use Motor Vehicle, of which said offense said Court had jurisdiction,

    I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

APPROVED BY: _____          _____
Attorney for Defendant                         Defendant

SWORN TO AND SUBSCRIBED before me on the _____ day of _____, 20 0_

APPROVED BY:
                                               JIM HAMLIN, CLERK
                                               DISTRICT COURTS OF
                                               DALLAS COUNTY, TEXAS
_____                     By _____
Assistant District Attorney                    Deputy District Clerk

Defendant's agreement to stipulate and waiver of confrontation and cross-examiation of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court.

                                               _____
                                               PRESIDING JUDGE

JUDICIAL CONFESSION

VG

DEFENDANT Escamilla, Juan          W M  09301983   CHARGE UPF FELON
    AKA:
ADDRESS    4146 Maybeth Street, Dallas, Tx          LOCATION DSO
FILING AGENCY TX0571500   DATE FILED April 17, 2003       COURT    JDC292
COMPLAINANT Todd, S                    F-0334671      VT#:

C/C

## TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of

Dallas County, State of Texas, duly organized at the ___January___ Term, A.D., __2003__ of the

___292nd Judicial District Court___, Dallas County, in said Court at said

Term, do present that one          **ESCAMILLA, JUAN**          , Defendant,

On or about the   __10th  day of April A.D., 2003__   in the County of Dallas and said State, did

unlawfully then and there intentionally and knowingly possess a firearm, to-wit: a handgun, at a location other than the premises at which he lived, to wit: 2500 block of Crestview Circle, Irving, Dallas County, Texas,

And prior to the commission of the said act, on the 28th day of November, 2001, in the 282nd Judicial District Court of Dallas County, Texas, in a case on the docket of said court, Docket Number F-0157491PS, and entitled the State of Texas vs. JUAN ESCAMILLA, the said defendant was duly and legally convicted of the felony offense of Unlawful Use Motor Vehicle, of which said offense said Court had jurisdiction,

against the peace and dignity of the State.

Bill Hill
Criminal District Attorney of Dallas County, Texas

_____
Foreman of the Grand Jury.

DEFENDANT/COURTS

Cause No. F 03-38621 Q

STATE OF TEXAS § IN THE 26th
VS. § DISTRICT COURT
Juan Escamillo § DALLAS COUNTY, TEXAS

2004 FEB -3 AM II

### PLEA AGREEMENT

JIM HAMLIN
DISTRICT CLERK
DALLAS CO.

TO THE HONORABLE JUDGE OF SAID COURT:
    The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:
**Defendant's plea:** [X] Guilty     [ ] Nolo contendere
[ ] Defendant will testify.     [ ] Defendant will NOT testify.
**Plea to enhancement paragraph(s):**   [ ] True     [ ] Not true
**Type of plea:**     [ ] Plea bargain     [ ] Open plea
**Open as to:** [ ] Deferred Adjudication [ ] Community Supervision [ ] Fine [ ] Restitution
[ ] Other:_____.
**State's recommendation:** _____.
**Agreed sentence:**
[X] Confinement in (penitentiary)(state jail)(county jail) for __2__ (years)(months) (days).
[ ] Post-conviction community supervision, confinement probated for _____ (years) (months) (days).
[ ] Deferred community supervision for _____ (years) (months) (days).
[X] Fine of $ 2,000 . [ ] To be paid.   [ ] To be probated.
[ ] Boot Camp [ ] Shock Probation     [ ] Substance Abuse Felony Program
[ ] Judicial Drug Treatment Center     [ ] CENIKOR   [ ] Dallas County Jail Chemical Dependency Program
[ ] Restitution in the amount of $_____.       [ ] Back-time NOT included.
[X] Back-time included _____.
[ ] Defendant will sign waiver of extradition.   [ ] Defendant knowingly and voluntarily waives appeal.
[X] Other: Cases to run Concurrent _____.

    [ ] **CHANGE OF NAME** *(Applicable only if box is checked)*
    The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be _____, said motion is hereby granted. It is so ordered.

### COURT'S ADMONITIONS TO DEFENDANT
You are charged with the offense of: Unlawful Poss of Firearm (Flun) .
The punishment range for the offense charged is:
[ ] 1st Degree Felony, 5 - 99 years or Life and an optional fine not to exceed $10,000.00.
[ ] 2nd Degree Felony, 2 - 20 years confinement and an optional fine not to exceed $10,000.00.
[X] 3rd Degree Felony, 2 - 10 years confinement and an optional fine not to exceed $10,000.00.
[ ] State Jail Felony, 180 days - 2 years State Jail and an optional fine not to exceed $10,000.00.
[ ] _____, _____.

    You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the Court rejects any plea bargain made in this case. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or nolo contendere and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or nolo contendere may, and under current Federal Immigration rules *is almost certain to,* result in your deportation, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as if the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

### DEFENDANT'S STATEMENTS AND WAIVERS
    With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witnesses against me, and that I have a right to
be tried upon an indictment returned by a grand jury. I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence. I admit and judicially confess that I committed the offense of _Unlawful Poss of Firearm (felon)_ on _4/15/02_ exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

[X] I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

[X] I understand that I have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal.

[ ] **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*
I, the defendant, plead true to the (second), (third), (second and third) enhancement paragraph(s) which is/are contained in the charging instrument, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

### SIGNATURES AND ACKNOWLEDGMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_2/3/04_
Date

Defendant
Printed Name: _Ivan Escamilla_

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_2/3/04_
Date

Attorney for Defendant
Printed Name: _Gilbert Medina Jr_
State Bar # _13894975_

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

_2/3/04_
Date

BILL HILL, Criminal District Attorney, Dallas County, by
_Elaine Ewa for Kate Rader_
Assistant District Attorney
Printed Name: _Elaine Ewa_
State Bar # _24033880_

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_2/3/04_
Date

Judge

*(Revised 01-15-03)*

NO. F03-34671-Q

| | | |
|---|---|---|
| STATE OF TEXAS | )( | IN THE CRIMINAL COURT |
| VS. | )( | |
| Juan Escamilla | )( | 204th DISTRICT |
| Defendant-Principal | | |
| Cynthia Barbare | )( | |
| Defendant-Surety | )( | DALLAS COUNTY, TEXAS |

## BOND FORFEITURE SETTLEMENT AGREEMENT

COMES NOW, DEFENDANT-SURETY, in the above styled and numbered cause, and being joined by the State of Texas, does enter into this Settlement Agreement, and would show this Honorable Court the following:

THAT, it is Agreed between the parties that this matter should be settled in the following manner, to-wit: Judgment against state. Defendant arrested on 12-3-2003 within 18 days after forfeiture. Court Costs only.

AGREED:

BILL HILL
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

By: _____
    Assistant District Attorney

By: _____
    Defendant-Surety, or
    Defendant-Surety's Attorney

## ORDER GRANTING SETTLEMENT

BE IT KNOWN that this Court accepts this Agreed Settlement.

Signed this ___JAN 2 0 2004___, 2003.    _____
                                                Magistrate

IN THE _____204th_____ DISTRICT COURT
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.
_Juan Escamilla_____

{  CAUSE NO.(S)
   F03-34670
   71

## CASE INFORMATION

The Defendant in this cause is charged with the offense of _____

_____ ,a _____ degree felony. The possible punishment for this

offense is _____ .

### PLEA BARGAIN DATA

On a plea of Guilty, the District Attorney will recommend the following:

__4__ Years TDC      _____ Days in Dallas County Jail

_____ Years Probated for _____ Years.

_____ Days in Dallas County Jail Probated

for _____ Days.

$_____ Fine

each case
2 TDC + $2,000
if plead by 1-30-04

_____
Assistant District Attorney

_____
Phone Number

### CONTINUANCE DATA

Case passed by agreement to:
__1/29/04__ at __9:00__ am/pm

for the purpose of: _____

_____Ann_____

which will be the _____ setting of this case.

The appearance of the Defendant at the next setting (IS) / (IS NOT) waived.

_____
Attorney for Defendant

(214) 631-2064
Phone Number

_____
Defendant
In Jail

_____
Phone Number

### ORDER AND FINDING

State (IS / IS NOT) found to have, in fact, been ready this date

_____
District Judge

_____
Date

FORM 96    WHITE COPY – FILE, YELLOW COPY – DISTRICT ATTORNEY, PINK COPY – DEF. ATTORNEY/DEFENDANT