VG

**DEFENDANT** Escamilla, Juan     W M   09301983   **CHARGE** UPF FELON

**AKA:**

**ADDRESS**   4146 Maybeth Street, Dallas, Tx     **LOCATION** DSO

**FILING AGENCY** TX0571500   **DATE FILED** April 17, 2003     **COURT**   JDC292

**COMPLAINANT** Todd, S     F-0334671    **VT#:**

**C/C**

---

### TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County, State of Texas, duly organized at the    January    Term, A.D.,   2003   of the    292nd Judicial District Court   , Dallas County, in said Court at said Term, do present that one     **ESCAMILLA, JUAN**    , Defendant, On or about the    10 th   day of April A.D., 2003    in the County of Dallas and said State, did

unlawfully then and there intentionally and knowingly possess a firearm, to-wit: a handgun, at a location other than the premises at which he lived, to wit: 2500 block of Crestview Circle, Irving, Dallas County, Texas,

And prior to the commission of the said act, on the 28th day of November, 2001, in the 282nd Judicial District Court of Dallas County, Texas, in a case on the docket of said court, Docket Number F-0157491PS, and entitled the State of Texas vs. JUAN ESCAMILLA, the said defendant was duly and legally convicted of the felony offense of Unlawful Use Motor Vehicle, of which said offense said Court had jurisdiction,

against the peace and dignity of the State.

Bill Hill
Criminal District Attorney of Dallas County, Texas

*[signature]*
Foreman of the Grand Jury

COURT

NO. F-0157491-PS

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 282ND JUDICIAL DISTRICT |
| VS. | COURT OF |
| JUAN ESCAMILLA  *** STATE JAIL *** | DALLAS COUNTY, TEXAS |

JUDGMENT ADJUDICATING GUILT
REFERRAL TO MAGISTRATE

JULY TERM, A.D., 2002

MAGISTRATE: STEVE HALSEY

JUDGE PRESIDING: KAREN J. GREENE         DATE OF JUDGMENT: 09/26/02

ATTORNEY
FOR STATE: KERRI NEW                     ATTORNEY
                                         FOR DEFENDANT: TOM GRETT

OFFENSE
CONVICTED OF:    UNAUTHORIZED USE OF A MOTOR VEHICLE

DEGREE: STATE JAIL                       DATE OFFENSE COMMITTED: 09/21/01

TERMS AND CONDITIONS VIOLATED AND
GROUNDS FOR ADJUDICATION                 SEE ATTACHED MOTION TO ADJUDICATE

AS SET OUT IN STATES SEPTEMBER 13, 2002 MOTION TO ADJUDICATE GUILT

TERMS OF NEGOTIATED                                  NEGOTIATED AGREEMENT
PLEA BARGAIN:   240 DAYS STATE JAIL, FINE $0              FOLLOWED: YES

PLEA TO ENHANCEMENT                      FINDINGS ON
PARAGRAPH(S): N/A                        ENHANCEMENT: N/A

FINDINGS ON
 DEADLY WEAPON,
 BIAS OR PREJUDICE,       NO FINDING
 AND/OR
 FAMILY VIOLENCE:

PUNISHMENT AND
PLACE OF        240 DAYS
CONFINEMENT: CONFINEMENT IN THE STATE JAIL DIVISION    DATE TO
             OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE  COMMENCE: 09/26/02
             AND A FINE OF - 0 -

DATE OF
SENTENCE:       09/26/02                               COSTS: YES

TIME CREDITED: 10/3/01-11/28/01;  7/27/02-9/26/02
                                        RESTITUTION/REPARATION: NO

CONCURRENT UNLESS OTHERWISE SPECIFIED.

SS                                       VOL. 454   PAGE 78

ON THIS DAY, SET FORTH ABOVE, THE ABOVE-STYLED AND NUMBERED CAUSE IN ANY OF THE ABOVE COURTS OF DALLAS COUNTY THAT GIVE PREFERENCE TO CRIMINAL CASES AND THE CRIMINAL DISTRICT COURTS OF DALLAS COUNTY, TEXAS, CAME ON TO BE HEARD PURSUANT TO A NEGOTIATED PLEA AS REFLECTED ABOVE. DEFENDANT, WITH HIS ABOVE-NAMED ATTORNEY APPEARED IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT OF REPRESENTATION BY COUNSEL. THE COMMUNITY SUPERVISION OFFICER OF DALLAS COUNTY, TEXAS, ALSO APPEARED IN OPEN COURT, AND AFTER EXAMINING THE REPORT OF SAID COMMUNITY SUPERVISION OFFICER AND THE MOTION TO PROCEED WITH AN ADJUDICATION OF GUILT FILED HEREIN AND AFTER HEARING THE EVIDENCE OFFERED BY BOTH THE STATE AND DEFENDANT, THE MAGISTRATE WAS OF THE OPINION AND FOUND THAT SINCE DEFENDANT WAS PLACED ON COMMUNITY SUPERVISION HEREIN DEFENDANT HAS VIOLATED THE TERMS AND CONDITIONS OF HIS COMMUNITY SUPERVISION AS SHOWN ABOVE, AND ALSO FOUND THAT DEFENDANT'S GUILT SHOULD BE ADJUDICATED. THE MAGISTRATE THEN HEARD ANY ADDITIONAL TESTIMONY AND ARGUMENTS ON THE ISSUE OF PUNISHMENT AND FURTHER MADE FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, AND RESTITUTION AS SHOWN ABOVE.

THEREUPON DEFENDANT WAS ASKED BY THE MAGISTRATE WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF, AND IT APPEARING TO THE MAGISTRATE THAT DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS, THE MAGISTRATE PROCEEDED, IN THE PRESENCE OF SAID DEFENDANT, HIS COUNSEL ALSO BEING PRESENT, TO PRONOUNCE SENTENCE AGAINST HIM.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCE-MENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE MAGISTRATE, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S) AS SET OUT ABOVE MADE HIS FINDING AS SET OUT ABOVE. IF TRUE, THE MAGISTRATE WAS OF THE OPINION AND FOUND THAT THE DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSE(S) ALLEGED IN SAID ENHANCEMENT PARAGRAPH(S).

THE COURT HAS REVIEWED THE PAPERS OF THIS CAUSE ALONG WITH THE FINDINGS, ACTIONS, AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE, FINDS THAT THE TERMS OF THE NEGOTIATED PLEA AGREEMENT IN THIS CAUSE HAVE BEEN FOLLOWED AND HEREBY APPROVES AND ADOPTS ALL ACTIONS AND FINDINGS OF THE MAGISTRATE IN THIS CAUSE.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE MAGISTRATE FOUND AND THE COURT APPROVED THE FINDING THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT THE ORDER DEFERRING ADJUDICATION OF GUILT, AND PLACING DEFENDANT ON COMMUNITY SUPERVISION HERETOFORE ENTERED IN THIS CAUSE BE, AND THE SAME IS HEREBY SET ASIDE AND OF NO FURTHER FORCE AND EFFECT.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT, THAT THE SAID DEFENDANT IS GUILTY OF THE COMMISSION OF THE OFFENSE NAMED ABOVE AND THAT THE OFFENSE WAS COMMITTED ON THE DATE SHOWN ABOVE AND THE DEFENDANT BE PUNISHED BY CONFINEMENT IN THE STATE JAIL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR THE ABOVE SPECIFIED TIME, AND A FINE IN THE AMOUNT SET FORTH ABOVE, AND THAT THE STATE OF TEXAS DO HAVE AND RECOVER OF DEFENDANT ALL COSTS IN THIS PROSECUTION EXPENDED, FOR WHICH LET EXECUTION ISSUE; AND THAT SAID DEFENDANT BE SENTENCED IN ACCORDANCE WITH SAID ASSESSMENT OF PUNISHMENT.

IT IS THE ORDER OF THE COURT, THAT THE SAID DEFENDANT, WHO HAS BEEN ADJUDGED TO BE GUILTY OF THE ABOVE-NAMED OFFENSE AND WHOSE PUNISHMENT HAS BEEN ASSESSED BY THE COURT AS SHOWN ABOVE BE DELIVERED BY THE SHERIFF OF DALLAS COUNTY, TEXAS, TO THE DIRECTOR OF THE STATE JAIL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE OR OTHER PERSON LEGALLY AUTHORIZED TO RECEIVE SUCH CONVICTS, AND SAID DEFENDANT SHALL BE CONFINED IN SAID INSTITU-TIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR THE ABOVE-SPECIFIED TIME IN ACCORDANCE WITH THE PROVISIONS OF THE LAW GOVERNING THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND DEFENDANT IS REMANDED TO JAIL UNTIL SAID SHERIFF CAN OBEY THE DIRECTION OF THIS SENTENCE. IT IS FURTHER ORDERED THAT DEFENDANT PAY THE FINE, COURT COSTS,

COSTS AND EXPENSES OF LEGAL SERVICES PROVIDED BY COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, RESTITUTION OR REPARATION, IF SET FORTH HEREIN, FOR WHICH LET EXECUTION ISSUE.

    WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE MAGISTRATE FOUND THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, SUCH FINDING IS HEREBY APPROVED BY THE COURT, AND THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

    DEFENDANT IS HEREBY ORDERED REMANDED TO JAIL UNTIL SAID SHERIFF CAN OBEY THE DIRECTIONS OF THIS JUDGMENT.

    FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

    WHEN REQUIRED, A PRESENTENCE INVESTIGATION WAS CONDUCTED IN ACCORDANCE WITH THE APPLICABLE PROVISIONS OF LAW.

COURT COSTS IN THE AMOUNT OF - 0 -

*[signature]*

---
JUDGE PRESIDING

\*Immediately upon release, defendant must report in person to the Felony Collections Dept., 2nd fl., Rm. C2-3, Crowley Courts Bldg., Dallas, TX, for payment arrangement of court ordered costs, fines and/or attorney fees.

FORM 188-B

| | |
|---|---|
| DEFENDANT | ESCAMILLA, JUAN  WM  09301983  UUMV |
| ADDRESS | 4045 WEISENBERGER, DALLAS, TX    LOCATION DSO |
| FILING AGENCY | TXDPD0000  DATE FILED 10/09/01  COURT |
| COMPLAINANT | CHACON, ABSDIAS    F-0157491 |
| C/C | |

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County, State of Texas, duly organized at the JULY Term, A.D. 20 01 of the 203RD JUDICIAL District Court, Dallas County, in said court at said Term, do present that one ESCAMILLA, JUAN , defendant,

on or about the 3RD day of OCTOBER A.D. 20 01 in the County of Dallas and said State, did

unlawfully, knowingly and intentionally operate a motor-propelled vehicle, namely: a motor vehicle, without the effective consent of ABSDIAS CHACON, the owner thereof,

against the peace and dignity of the State.

BILL HILL
_____
Criminal District Attorney of Dallas County, Texas.

_____
Foreman of the Grand Jury.

COURT

No. F0157491S; F0157490S

THE STATE OF TEXAS     282ND JUDICIAL DISTRICT COURT
VS.                    DALLAS COUNTY, TEXAS

Juan Escamilla

AMENDED
MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That Juan Escamilla, Defendant was duly and legally placed on probation in the above entitled and numbered cause in the 282nd Judicial District Court of Dallas County, Texas, on the 28th day of November, 2001, A.D. of the offense of

Unauthorized Use of Motor Vehicle and Evading Arrest, AS CHARGED IN THE INDICTMENT

That Defendant has violated the following conditions a, b & c of said probation in that

(SEE ATTACHED)

This violation occurred after November 28, 2001 and during the term of probation.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why his probation should not be revoked; and that upon a final hearing, the probation heretofore granted said Defendant be revoked.

This the 13th day of September, A.D. 2002.

BILL HILL, District Attorney, Dallas County, Texas

BY: _____
ASSISTANT DISTRICT ATTORNEY

A copy of this motion was delivered to the Defendant on the 13th day of September, A.D. 2002.

_____
COMMUNITY SUPERVISION OFFICER

```
**********************
*  F I L E D          *
*  September 13, 2002 *
*  JIM HAMLIN         *
*  DISTRICT CLERK     *
*  DALLAS CO., TEXAS  *
*                     *
*      DEPUTY         *
**********************
```

F01574945; F01574905
September 13, 2002

THE STATE OF TEXAS                            282ND JUDICIAL DISTRICT COURT
VS.                                                   DALLAS COUNTY, TEXAS

Juan Escamilla

(a) Commit no offenses against the laws of this State or any other State of the United States and do not possess a firearm during the term of Community Supervision.

(On or about July 27, 2002 in Dallas County, Texas, the above named did unlawfully, knowingly, and intentionally carry on or about his person, a handgun.)

(b) Do not possess, use or ingest illegal drugs.

(On January 7, 2002 the above named admitted to supervision officer, Erin Garza, use of illegal drugs, namely: Marijuana.)

(c) Obey all the rules and regulations of the Community Supervision and Corrections Department and REPORT to the supervision officer as directed by the Judge or the supervision officer; to-wit: WEEKLY, MONTHLY OR TWICE MONTHLY.

(The above named failed to report as directed during the months of March through July 2002.)

C323559        I/D
JS/JS/br

# ORDER MODIFYING
## THE CONDITIONS OF COMMUNITY SUPERVISION

CAUSE NO(S): F01-57491-S; F01574490-S

THE STATE OF TEXAS　　　　　　　IN THE 282ND JUDICIAL DISTRICT

VS　　　　　　　　　　　　　　COURT, DALLAS, TEXAS

Juan Escamilla

In accordance with the authority conferred by the Adult Probation law of the State of Texas, the conditions of Probation in the above numbered cause(s) are hereby modified to **INCLUDE**:

(N) Submit a urine sample on demand to the supervision officer and as directed by the Court to determine the use of prohibited substances and reimburse costs for urinanalysis testing in the amount of $400.00 payable at $10.00 per month to a supervision officer of this court beginning sixty days from the date of probation.

(O) Do not consume any type of alcoholic beverage during the term of probation and submit a breath sample and/or urine sample on demand to the supervison officer as directed by the Court to determine the use of alcohol.

The Court has the authority at any time during the period of probation to revoke your probation or proceed to adjudication for violation of any of the Conditions of Probation set out above.

Witness our Signature the 3rd day of December ~~OCTOBER~~, 2001

X Juan Escamilla　　12-3-01　　[Judge signature]
Probationer　　　　　Date　　　　Judge

[signature]　　　　　12-3-01　　[signature]
Officer Serving the Order　Date　　Court Officer

Give probationer one copy and return original document to Court to be filed with the District Clerks Office. Retain a copy for probation records.

~~C228830~~
C323559.

(REV. 09/01/94)

THE STATE OF TEXAS     IN THE 282ND JUDICIAL DISTRICT
VS.     COURT     OF
JUAN ESCAMILLA     DALLAS COUNTY, TEXAS

## DEFERRED ADJUDICATION ORDER
## REFERRAL TO MAGISTRATE

JULY TERM, A.D., 2001

MAGISTRATE: TERRIE MCVEA

JUDGE PRESIDING: KAREN J. GREENE     DATE OF ORDER: 11/28/01

ATTORNEY FOR STATE: JOHN KULL     ATTORNEY FOR DEFENDANT: BRADY WYATT

OFFENSE: UNAUTHORIZED USE OF A MOTOR VEHICLE

DEGREE: STATE JAIL     DATE OFFENSE COMMITTED: 09/21/01

CHARGING INSTRUMENT: INDICTMENT     PLEA: GUILTY

TERMS OF NEGOTIATED PLEA BARGAIN (IN DETAIL): 4 YEARS DEFERRED PROBATED AND $500 FINE     NEGOTIATED AGREEMENT FOLLOWED: YES

PLEA TO ENHANCEMENT PARAGRAPH(S): N/A

FINDINGS ON DEADLY WEAPON, BIAS OR PREJUDICE, AND/OR FAMILY VIOLENCE: NO FINDING

DATE COMMUNITY SUPERVISION IMPOSED: 11/28/01     COSTS: YES

PERIOD OF SUPERVISION: 4 YEARS     AND A FINE OF $500.00

FINE PROBATED: NO     RESTITUTION/REPARATION: YES

CONCURRENT UNLESS OTHERWISE SPECIFIED.

ON THIS DAY, SET FORTH ABOVE THE ABOVE STYLED AND NUMBERED CAUSE HAVING BEEN DULY AND LEGALLY REFERRED TO A MAGISTRATE FOR THE DISTRICT COURTS

VOL. 431 PAGE 23

OF DALLAS COUNTY THAT GIVE PREFERENCE TO CRIMINAL CASES AND THE CRIMINAL [...] THROUGH THE ABOVE NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT OF REPRESENTATION BY COUNSEL. DEFENDANT, IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION; ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. THE DEFENDANT WAS DULY ARRAIGNED IN OPEN COURT AND ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. DEFENDANT WAS ADMONISHED BY THE MAGISTRATE OF THE CONSEQUENCES OF THE SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY AP- PEARING TO THE COURT THAT THE MAGISTRATE FOUND THE DEFENDANT TO BE MENTALLY COMPETENT AND THAT SAID PLEA WAS FREE AND VOLUNTARY AND AFTER SUCH FINDINGS BY THE MAGISTRATE, THE SAID PLEA WAS ACCEPTED BY THE MAGISTRATE AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, THE APPEARANCE, CONFRONTATION, AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSION, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES AND ANY OTHER DOCUMENTARY EVIDENCE, AND SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE MAGISTRATE IN WRITING AND FILED IN THE PAPERS OF THE CAUSE; AND, THE MAGISTRATE HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED, AND THE ARGUMENT OF COUNSEL WAS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT THE EVIDENCE SUBSTANTIATES THE DEFENDANT'S GUILT OF THE OFFENSE SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. MAGISTRATE FURTHER MADE ITS FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, AND RESTITUTION OR REPARATION AS SET FORTH ABOVE.

THE MAGISTRATE BEING OF THE OPINION THAT THE BEST INTERESTS OF SOCIETY AND THE DEFENDANT WOULD BE SERVED BY DEFERRING FURTHER PROCEEDINGS WITHOUT ENTERING AN ADJUDICATION OF GUILT;

IT WAS, THEREFORE, CONSIDERED AND RECOMMENDED BY THE MAGISTRATE THAT THE DEFENDANT BE PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT. IT WAS FURTHER RECOMMENDED THAT THE FINE ASSESSED, IF ANY, BE PAID OR PROBATED, AS SHOWN ABOVE. THE MAGISTRATE RECOMMENDED THAT COURT COSTS, COSTS AND EXPENSES OF LEGAL SERVICES PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION AS SET FORTH HEREIN BE PAID BY DEFENDANT.

THE MAGISTRATE FURTHER FOUND THAT THE TERMS OF THE NEGOTIATED PLEA AGREEMENT BETWEEN THE STATE AND DEFENDANT HAVE BEEN FOLLOWED.

THE COURT HAS REVIEWED THE FINDINGS, ACTIONS AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE, FINDS THAT THE TERMS OF THE NEGOTIATED PLEA AGREEMENT IN THIS CAUSE HAVE BEEN FOLLOWED AND HEREBY ADOPTS ALL FINDINGS, ACTIONS AND RECOMMENDATIONS OF THE MAGISTRATE IN THIS CAUSE. THE COURT BEING OF THE OPINION THAT THE BEST INTERESTS OF SOCIETY AND THE DEFENDANT WILL BE SERVED BY DEFERRING FURTHER PROCEEDINGS WITHOUT ENTERING AN ADJUDICATION OF GUILT;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT THAT THE DEFENDANT BE AND HEREBY IS PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE ASSESSED, IF ANY, UNLESS PAYMENT OF THE FINE HAS BEEN PROBATED, AS SHOWN ABOVE, COURT COSTS, COSTS AND EXPENSES OF

CONDITIONS OF COMMUNITY SUPERVISION ARE ATTACHED HERETO AND ARE INCORPORATED FOR ALL PURPOSES AS A PART OF THIS JUDGMENT.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE MAGISTRATE FOUND AND THE COURT APPROVED THE FINDING THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE MAGISTRATE FOUND THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IS NOT IN THE BEST INTEREST OF THE VICTIM, SUCH FINDING IS HEREBY APPROVED BY THE COURT, AND THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

COURT COSTS IN THE AMOUNT OF $198.00
RESTITUTION IN THE AMOUNT OF $3,500     TO BE PAID TO:
NAME:
ADDRESS:

_____
JUDGE PRESIDING

*Immediately upon release, defendant must report in person to the Felony Collections Dept., 2nd fl., Rm. C2-3, Crowley Courts Bldg., Dallas, TX, for payment arrangement of court ordered costs, fines and/or attorney fees.

CONDITIONS OF COMMUNITY SUPERVISION
(regular)

THE STATE OF TEXAS

vs.

Juan Escamilla

CAUSE NO. F0157491S (UUMV)
F0157490S (Evade Arrest Det/MV)

IN THE 282ND JUDICIAL
DISTRICT COURT
DALLAS COUNTY, TEXAS

TYPE OF PROBATION
(deferred), convicted, SJ
shock, boot camp, JT)

deferred / ~~convicted~~ / SJ
deferred / ~~convicted~~ / SJ

On this date, November 28, 2001 you have been sentenced to a state jail or penitentiary for a period of 0 years and you are placed on Community Supervision for a period of 4 years. It is the ORDER of this Court that you comply with the following conditions of Community Supervision:

(a) Commit no offenses against the laws of this State or any other State of the United States and do not possess a firearm during the term of Community Supervision.

(b) Do not possess, use or ingest illegal drugs.

(c) Obey all rules and regulations of the Community Supervision and Corrections Department and REPORT to the supervision officer as directed by the Judge or the supervision officer, to wit: MONTHLY, TWICE MONTHLY, OR WEEKLY.

(d) Permit the supervision officer to visit you at home or elsewhere and give notice to the supervision officer no less that 24 hours prior to any change of residence or employment.

(e) Obtain and maintain employment approved by this Court.

(f) Do not leave Dallas County, Texas without first obtaining permission from the Court;

(g) Pay a Community supervision fee of $40.00 per month to the Community Supervision officer of this Court on or before the first day of each month hereafter until paid in full.

(h) Within 14 days of date below OR release from custody report to the Dallas County District Clerk Collection Department, Frank Crowley Bldg., 2nd Floor, to arrange payment of Court Cost, Fine and Court Appointed Attorney Fees.

(i) Report to the Dallas County Community Supervision and Corrections Department at 133 North Industrial Blvd., 9th Floor, Dallas, Texas on Monday December 03, 2001 at 2:00pm for a post sentence interview.

page 1 of 2

CAUSE NO(S): F0157491S, F015749OS

(j) Make restitution in the amount of $ 3500.00, payable at $ 75.00 per month to a supervision officer of this Court on or before the first day of each month hereafter until paid in full (F0157491S)

(k) Perform 120 hours of Community Service Work at not less than 08 hours per month with a non-profit agency approved by this Court. Said hours to begin not later than 180 days from the date probation is granted. Pay any processing fee that may be required, not to exceed $50.00.

(l) Within 45 days, report to the Comprehensive Assessment and Treatment Services (C.A.T.S.) at 133 North Industrial Blvd., 9th floor, Dallas, Texas 75207 and faithfully participate in any recommended treatment or programs as deemed appropriate by C.A.T.S.

(m) Show proof of High School degree or GED and/or participate in and complete GED classes and/or literacy classes as instructed by the supervision officer to begin on or before August 01, 2002

Witness our signatures this 28 day of November, 2001.

X Juan Escamilla
PROBATIONER

_____
JUDGE

_____
Melissa Sellers
OFFICER SERVING THE CONDITIONS

page 2 of 2

```
***************************************************************************
10/03/01 1610            DALLAS POLICE DEPARTMENT                   PAGE 01
***************************************************************************
```

SERVICE#: 0735642K           ARREST#: 01-055167

AFFIDAVIT FOR ARREST WARRANT       COUNTY OF DALLAS     STATE OF TEXAS

    BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY
APPEARED THE UNDERSIGNED AFFIANT WHO, AFTER BEING DULY SWORN BY ME, ON
OATH STATED: MY NAME IS _____B SUNDQUIST_____ AND I AM A PEACE
OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS. I, THE AFFIANT,
HAVE GOOD REASON AND DO BELIEVE THAT ON OR ABOUT 21 SEPTEMBER 2001  ONE
ESCAMILLA,JUAN,                DID THEN AND THERE IN THE CITY OF DALLAS,
DALLAS COUNTY, TEXAS COMMIT THE OFFENSE(S) OF:

    EVADING ARREST/VEHICLE       SJ     38.04      0771048K
    UNAUTHORIZE USE VEHICLE      SJ     31.07      0735642K

AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS AND INFORMATION:

HAECKER,TODD EUGENE ___ 7996 , A FELLOW PEACE OFFICER OF THE CITY OF
DALLAS, DALLAS COUNTY, TEXAS, WHO PERSONALLY PARTICIPATED IN THE
INVESTIGATION OF THESE ALLEGED OFFENSE(S), PROVIDING THIS INFORMATION TO
AFFIANT, AND WHOSE INFORMATION AFFIANT BELIEVES TO BE CREDIBLE.

ON OCTOBER 03, 2001 AT ABOUT 1215 P.M. OFFICER(S) HAECKER,TODD EUGENE #
7996 AND MILES,RONALD W # 2511 PERSONALLY OBSERVED THE MOTOR VEHICLE IN
WHICH THE SUSPECT WAS THE DRIVER COMMIT THE TRAFFIC VIOLATION OF
REGISTRATION VIOLATION (EXPIRED DEALER TAGS) ON VEHICLE ARRESTEE
ESCAMILLA, JUAN WAS DRIVING,5100 SINGLETON A PUBLIC STREET OR HIGHWAY IN
DALLAS, DALLAS COUNTY, TEXAS.


CHARGE DESCRIPTION:      EVADING ARREST/VEHICLE

OFFICERS HAECKER,TODD EUGENE              #7996 AND MILES,RONALD W #2511 THEN
ATTEMPTED TO DETAIN SUSPECT FOR A REGISTRATION VIOLATION
BECAUSE: OFFICERS PERSONALLY OBSERVED THE SUSPECT COMMIT THE OFFENSE. WHEN
SAID OFFICERS ATTEMPTED TO DETAIN THE SUSPECT, THE SUSPECT TOOK EVASIVE
ACTION IN ORDER TO ELUDE THE OFFICERS BY INTENTIONALLY FLEEING: IN A VEH,
FROM 5100 SINGLETON TO NB PEORIA, RUNNING STOPSIGN AT BERNAL AND WRECKING
OUT AT 3900 PEORIA WHERE HE TRIED TO RUN FROM A/OS ON FOOT. THE SUSPECT
KNEW THAT SAID OFFICERS WERE OFFICERS ATTEMPTING TO DETAIN HIM BECAUSE:
OFFICERS WERE IN A MARKED POLICE VEHICLE WITH RED LIGHTS AND SIREN ON.

TLETS WAS DOWN AND J.I. 55 REVEALED NO PRIOR CONVICTIONS.

CHARGE DESCRIPTION:      UNAUTHORIZE USE VEHICLE

ON 10/3/2001 AT APPROXIMATELY 12:13 PM, A/O'S
HAECKER #7996 AND MILES #2511 PERSONALLY OBSERVED
AP ESCAMILLA DRIVING A 1998 GREEN, TOYOTA CAMRY
WITH EXPIRED PAPER DEALER TAGS DATED 9/30/01.
A/O'S ATTEMPTED TO MAKE A TRAFFIC STOP ON THE AP
BY TURNING ON THE SQUAD CAR'S LIGHTS AND
SIREN AT 5100 SINGLETON BLVD.  THE AP THEN INTENTIONALLY

```
****************************************************************
10/03/01 1610          DALLAS POLICE DEPARTMENT            PAGE 02
****************************************************************
```

SERVICE#: 0735642K     ARREST#: 01-055167

AFFIDAVIT (CONTINUED)

FLED IN THE LISTED VEHICLE FROM A/O'S.
SEE RELATED SERVICE NUMBER #771048-K.
THE AP FLED EAST BOUND ON SINGLETON TURNING NORTH
BOUND ON PEORIA, REACHING A TOP SPEED OF 60 MILES
PER HOUR.  THE AP THEN RAN A STOP SIGN AT BERNAL AND
PEORIA BEFORE HE WRECKED OUT BY HITTING A TELEPHONE
POLE AT 3900 PEORIA.  SEE RELATED SERVICE NUMBER #771054-K.
THE AP THEN FLED THE VEHICLE ON FOOT WEST BOUND BEFORE
BEING APPREHENDED BY A/O'S.  AP WAS ARRESTED FOR
EVADING ARREST. SEE RELATED SERVICE NUMBER #771048-K.
A CHECK OF THE VEHICLE BY VIN NUMBER #JT2BG22K9W0141519, REVEALED
THAT THE VEHICLE WAS STOLEN ON 9/21/2001. CONFIRMED
STOLEN BY NINA.  AP WAS READ
HIS MIRANDA WARNING AT 1:20 PM BY A/O HAECKER #7996
AND THE AP STATED HE TOOK THE VEHICLE FROM
THE FINA GAS STATION AT SINGLETON AND WALTON WALKER
AND THAT HE TOOK THE LICENSE PLATES OFF AND THREW THEM AWAY.
THE KEYS WERE IN THE IGNITION.
TLETS WAS DOWN AND J.I. 55 SHOWED NO PRIOR CONVICTIONS.

_____        WHEREFORE AFFIANT REQUESTS THAT AN ARREST
       AFFIANT                 WARRANT BE ISSUED FOR THE ABOVE ACCUSED
                               INDIVIDUAL IN ACCORDANCE WITH THE LAW.

SUBSCRIBED AND SWORN TO BEFORE ME ON
DATE: OCT 03 2001             _____
                                           MAGISTRATE

****************************************************************

JUDGMENT
CERTIFICATE OF THUMBPRINT

CAUSE NO. _F0157491_

THE STATE OF TEXAS          IN THE _282nd_

VS.

_Juan Escamilla_         DISTRICT COURT

DALLAS COUNTY, TEXAS

Right Thumb*         Defendant's _right_ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS _28th_ DAY OF _November_, 20_01_.

_____
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint is placed in box:

☐ left thumbprint     ☐ left/right index finger

☐ other, _____

FORM 188-B

DEFENDANT: ESCAMILLA, JUAN WM 09301983  UUMV
ADDRESS: 4045 WEISENBERGER, DALLAS, 682  LOCATION: DSO
FILING AGENCY: TXDPD0000  DATE FILED: 10/09/01  COURT:
COMPLAINANT: CHACON, ABSDIAS  F-0157491
C/C:

FILED
NOV 28 2001
JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

THE STATE OF TEXAS

VS.

Juan Escamilla

CAUSE NO. F0157491

282 DISTRICT COURT

DALLAS COUNTY, TEXAS

## JUDICIAL CONFESSION

Comes now Defendant in the above cause, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession, and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the 3 day of October 20 01, in Dallas County, Texas, I did unlawfully,

unlawfully, knowingly and intentionally operate a motor-propelled vehicle, namely: a motor vehicle, without the effective consent of ABSDIAS CHACON, the owner thereof,

(SE#1)

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

APPROVED BY:

_____  Juan Escamilla
Attorney for Defendant    Defendant

SWORN TO AND SUBSCRIBED before me on the NOV 28 2001 day of _____, 20____.

APPROVED BY:

JIM HAMLIN, CLERK
DISTRICT COURTS OF
DALLAS COUNTY, TEXAS

_____  By _____
Assistant District Attorney    Deputy District Clerk

Defendant's agreement to stipulate and waiver of confrontation and cross-examination of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court.

_____
PRESIDING JUDGE

JUDICIAL CONFESSION

```
CAUSE NO.
F0157491S    F0157490S    F_____    F_____    F_____    F_____
                          023675
THE STATE OF TEXAS              )         CAPIAS ISSUED
                                ) This  5th  day of  April   A.D. 2002
vs.                             ) Honorable KAREN J. GREENE
                                ) Judge, 282nd Judicial District Court
JUAN ESCAMILLA                  )
```

Defendant DSO #: 0899054        X  AT LARGE        ___ IN CUSTODY
DATE OF BIRTH: 09/30/83             LAST KNOWN ADDRESS:
RACE: W    SEX: Male            4143 Maybeth St.
HAIR: Bro  EYES: Bro            Dallas, TX 75212
HT: 5'10"  WT: 210 lbs.         lives with father - use sister's #
                                (214)357-0391

Offense: Unauthorized use of Motor Vehicle
         Evading Arrest Det/MV

To any Sheriff or any Constable of the State of Texas:

**YOU ARE HEREBY COMMANDED** to take the body of Juan Escamilla who has been charged by indictment for a felony offense and placed on probation, and him safely keep so that you have him before the Honorable 282nd Judicial District Court of Dallas County, Texas at the Courthouse, thereof in the City of Dallas, instanter, then and there to answer THE STATE OF TEXAS against the said Juan Escamilla for violation of the conditions of probation in Cause No.:
F0157491S   F0157490S   F_____   F_____   F_____   F_____

State of Texas vs. Juan Escamilla

**HEREIN FAIL NOT**, but have you then and there this Writ, showing how you have executed the same.

Given under my official seal of said Court of Dallas County, Texas, this 5th day of April A.D. 2002.

ATTEST
JIM HAMLIN, District Clerk
Dallas County, Texas

By _____ Deputy                    _____
                                              Judge, 282nd Judicial District Court
                                              Dallas County, Texas

**SHERIFF'S RETURN**

Came to hand ___ day of April , A.D. 20 __

RETURNED on this ___ day of _____, A.D. 20 __

Mileage  $_____                    JIM BOWLES
Fees     $_____           Sheriff JIM BOWLES, Dallas County
Total    $_____           By _____ Deputy

Cause No. F ___D157491___

| STATE OF TEXAS | § | IN THE _282nd_ |
| VS. | § | DISTRICT COURT |
| _Juan Escamilla_ | § | DALLAS COUNTY, TEXAS |

## PLEA AGREEMENT

FILED
NOV 28 2000
DIST. CLERK DALLAS CO. TEXAS
_____ DEPUTY

TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waiving jury trial and make the following agreement:

Defendant's plea: [✓] Guilty [ ] Nolo contendere
Plea to enhancement paragraph(s): [ ] True [ ] Not true
Type of plea: [✓] Plea bargain [ ] Open plea
Open as to: [ ] Deferred Adjudication [ ] Community Supervision [ ] Fine [ ] Restitution
[ ] Other: _____
State's recommendation: _____
Agreed sentence:
[ ] Confinement in *(penitentiary)(state jail)(county jail)* for _____ *(years) (months) (days)*.
[ ] Post-conviction community supervision. _____ *(years) (months) (days)* in *(penitentiary)(state jail)(county jail)* probated for _____ *(years) (months) (days)*.
[✓] Deferred community supervision for _FOUR_ *(years) (months) (days)*.
[✓] Fine of $ _500.00_. [✓] To be paid. [ ] To be probated.
[ ] Boot Camp [ ] Shock Probation [ ] Substance Abuse Felony Punishment Facility
[ ] Judicial Drug Treatment Center [ ] Cinekor
[ ] Dallas County Jail Chemical Dependency Program
[✓] Restitution in the amount of $ _3500.00_.
[ ] Defendant will sign waiver of extradition. [ ] Other: _____

[ ] CHANGE OF NAME *(Applicable only if box is checked)*
The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be _____, said motion is hereby granted. It is so ordered.

### COURT'S ADMONITIONS TO DEFENDANT
You are charged with the offense of: _UUMV_
The punishment range for the offense charged is:
[ ] 1st Degree Felony, 5 - 99 years or Life and an optional fine not to exceed $10,000.00.
[ ] 2nd Degree Felony, 2 - 20 years confinement and an optional fine not to exceed $10,000.00.
[ ] 3rd Degree Felony, 2 - 10 years confinement and an optional fine not to exceed $10,000.00.
[✓] State Jail Felony, 180 days - 2 years State Jail and an optional fine not to exceed $10,000.00.
[ ] _____, _____.

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the Court rejects any plea bargain made in this case. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal a nonjurisdictional defect or error that occurred before the plea unless the Court grants permission for the appeal, or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or nolo contendere and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or nolo contendere may, and under current Federal Immigration rules *is almost certain to*, result in your deportation, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorneys appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing to determine whether or not guilt should be adjudicated. If guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court. All proceedings, including your right to appeal, then continue. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

## DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of the court, the defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witnesses against me, and that I have a right to be tried upon an indictment returned by a grand jury. I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive my right to be tried on an indictment returned by a grand jury, any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument, my right to a jury trial, and my right to remain silent. I waive arraignment and reading of the charging instrument, the appearance, confrontation, and cross-examination of witnesses, my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed), and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to the State of Texas. I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

[ ] **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*
I, the defendant, plead true to the enhancement paragraph(s) which is/are contained in the charging instrument, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

### SIGNATURES AND ACKNOWLEDGMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are freely and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

11-28-01
Date

X *Juan Escamilla*
Defendant

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

11-28-01
Date

Attorney for Defendant
State Bar # 24008313

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

11-28-01
Date

BILL HILL, Criminal District Attorney, Dallas County, by

Assistant District Attorney
State Bar # 00791057

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable):

NOV 28 2001
Date

Judge

(11-17-00)