**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**CAUSE NO.: 3:06-CV-2248-BH**

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

---

**LICHO ESCAMILLA,**                      **POLUNSKY UNIT, LIVINGSTON, TX**

**VS.**                                   **TDC NO. 999432**

**NATHANIEL QUARTERMAN,**
**Director of Texas Department of
Criminal Justice, Correctional
Institutions Division**

---

**TABLE OF CONTENTS FOR
PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

---

TABLE OF CONTENTS

BACKGROUND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

EXHAUSTION OF CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STANDARD OF REVIEW - AEDPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CLAIMS FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A:     C LAIM ONE: INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL FOR FAILING TO INVESTIGATE *AND* PRESENT READILY AVAILABLE MITIGATION EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       CLAIM A-1: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO CONDUCT A MEANINGFUL INVESTIGATION INTO POSSIBLE MITIGATING EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           1.    Applicable Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           2.    Counsel's Failures under the ABA Guidelines . . . . . . . . . . . . . . . . . . 8
           3.    Application of Law to These Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
           4.    Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

                a.    Unreasonable Application of Federal Law . . . . . . . . . . . . . . . . 29
                b.    Unreasonable Application of the Facts . . . . . . . . . . . . . . . . . . 35
                c.    Unreasonable Assessment of Counsels' "Investigation" . . . . . . . 36
                d.    Failure to Credit Any of Petitioner's Voluminous Evidence . . . . 42
                e.    Unreasonable Findings Regarding Defense Expert . . . . . . . . . . . 46
                f.    Unreasonable Findings Regarding Strategic Decisions . . . . . . . . 54
                g.    Unreasonable Findings Regarding Impact of Abuse
                    and Mitigation Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

       CLAIM A-2: PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO INTRODUCE READILY AVAILABLE MITIGATING EVIDENCE THAT SEVERAL OF PETITIONER'S FAMILY MEMBERS, INCLUDING HIS FATHER, HAVE A CRIMINAL HISTORY AND HAVE BEEN INCARCERATED, THAT HIS FATHER WAS AN ABUSIVE ALCOHOLIC AND THAT HE WAS RAISED IN AN ENVIRONMENT WITH VERY LITTLE SUPERVISION OR CONTROL . . . . . . . . . . . . . . . . . . . . . . . . 61

           1.    Unreasonable Findings Regarding Trial counsel's Strategy . . . . . . . . . . 65
           2.    Unreasonable Application of *Williams, Wiggins* and *Romilla* . . . . . . . . 69

|   |   |   |
|---|---|---|
|   | 3. | Deficiency of Investigation .................................... 72 |
|   | 4. | Prejudice ................................................. 76 |

B:  CLAIM TWO: INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL FOR CONCEDING PETITIONER'S GUILT WITHOUT FIRST CONSULTING HIM ........................................... 78

    1.    State Habeas Claim ......................................... 78
    2.    State Trial Court's Rejection of the Claim ...................... 78
    3.    Inconsistent Affidavits ....................................... 81
    4.    Silent Acquiescense Considered in Context ...................... 82
    5.    Self-defeating ............................................. 82
    6.    Counsel's Imperataive ...................................... 84
    7.    Failure to Object ........................................... 85
    8.    *Nixon* and the Absolute Right to Plea Not Guilty ................. 86
    *9.*    *Nixon* Distinguished ........................................ 87
    10.   Prejudice ................................................. 89
    11.   Conclusion ............................................... 91

C:  CLAIM THREE: INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL FOR PRECLUDING PETITIONER FROM TESTIFYING AT THE SUPPRESSION HEARING ....................................... 92

    1.    Propriety of the Interview's Admission Contested on Direct Appeal ... 92
    2.    Habeas Claim ............................................. 95
    3.    Trial Court Findings ........................................ 95
    4.    Right to Testify ............................................ 97
    5.    Standard of Review ........................................ 98
    6.    Context and Affidavits ...................................... 99
    7.    Deficiency ............................................... 100
    8.    Prejudice ................................................ 100
    9.    Conclusion .............................................. 105

D:  CLAIM FOUR: LACK OF A FAIR CROSS-SECTION IN THE JURY PANEL ..................................................... 105

E:  CLAIM FIVE: INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL FOR FAILING TO CHALLENGE A LACK OF FAIR CROSS-SECTION OF THE VENIRE ................................................ 109

F:  CLAIM SIX: THE ADMINISTRATION OF THE TEXAS DEATH PENALTY VIOLATES THE 8TH AMENDMENT'S BAN AGAINST CRUEL AND UNUSUAL PUNISHMENT ............................. 111

    1.    The Need for Discovery on the Texas Protocol .................. 112

  2. State Court's Rubber-Stamping of Petitioner's Claim . . . . . . . . . . . . . . . 115
  3. Legal Basis for Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118
  4. Human Rights Watch Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

G: CLAIM SEVEN:  MITIGATION DEFINITION UNLAWFUL . . . . . . . . . . . . 128

  1. State Habeas Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 128
  2. State Court Findings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 129
  3. Procedural Bar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130
  4. Individualized Sentencing Requires that Mitigating Evidence
   in Any Form May not be Precluded from Consideration . . . . . . . . . . . . 131
  5. Rationale of the Requirement and Import of Dissenting Views . . . . . . 132
  6. A Reasonable Juror's Interpretation . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
  7. A Three-Fold Failure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134

   a. Too Limiting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 134
   b. Unchecked Discretion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 136
   c. Inevitable Failure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138

  8. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141

H: CLAIM EIGHT:   INEFFECTIVE ASSISTANCE OF APPELLATE
 COUNSEL FOR FAILING TO CHALLENGE THE UNLAWFUL
 MITIGATION DEFINITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141

  1. State Habeas Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141
  2. State Court Findings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 142
  3. Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 142
  4. Deficiency - a Nonfrivolous Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 143
  5. Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 144
  6. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 145

I: CLAIM NINE:  PROBABILITY DEFINITION UNLAWFUL . . . . . . . . . . . . . 145

  1. State Habeas Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 146
  2. State Court Findings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 147
  3. Procedural Bar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 147
  4. Due Process Requires Texas to Prove All Elements Beyond a
   Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 148
  5. The Burden Should Apply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 149
  6. Application of the Principle . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 150
  7. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 151

J: CLAIM TEN: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO CHALLENGE THE UNLAWFUL PROBABILITY DEFINITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 152

    1. State Habeas Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 152
    2. State Court Findings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 152
    3. Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153
    4. Deficiency - a Nonfrivolous Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153
    5. Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154
    6. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154


K: CLAIM ELEVEN: TEXAS'S 10-2 RULE (ALSO REFERRED TO AS THE 12/10 RULE) THAT FAILS TO INFORM JURORS OF THE CONSEQUENCES OF AN 11-1 FINDING REGARDING FUTURE DANGEROUSNESS VIOLATES PETITIONER'S RIGHT TO DUE PROCESS AND RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 155

    1. The Special Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 156
    2. Appeal and State Habeas Contentions . . . . . . . . . . . . . . . . . . . . . . . . . 157
    3. The Instructions in the Charge at the Sentencing Phase Relating to the Mitigation Issue, that Unanimity Was Required for an Answer that Would Result in Death and Ten Votes Were Necessary for an Answer that Would Result in Life Imprisonment, Prevented the Jury from Giving Due Consideration to Mitigating Evidence in Violation of *Mills v. Maryland* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 158

        a. *Mills* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 158
        b. A Reasonable Juror's Interpretation . . . . . . . . . . . . . . . . . 159
        c. A Distinguishing Case . . . . . . . . . . . . . . . . . . . . . . . . . . . 159
        d. Probable Effect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 160

    4. The Instruction in the Charge at the Sentencing Phase that Unanimity Was Required for a Negataive Answer and Ten Votes Were Necessary for an Affirmative Answer Undermined the Jury's Sense of Responsibility for Imposing a Death Sentence, in Violation of the Eighth Amendment, and So Infected the Sentencing Proceeding with Unfairness as to Render the Jury's Imposition of the Death Penalty a Denial of Due Process . . . . . . . . . . . 161

        a. Reduced Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . 164
        b. Inherent Coercion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 165
        c. Arbitrary Verdicts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 166

        5.      The Failure to Place Upon the State the Burden of Proving the Mitigation Issue Beyond a Reasonable Doubt Relieved the State from Proving Beyond a Reasonable Doubt that Escamilla Merited a Death Sentence, Denying Escamilla Due Process . . . . . . . . . . . . . . . . . 166

        6.      Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 171

L:      CLAIM TWELVE: THE TEXAS STATUTE UNDER WHICH PETITIONER WAS SENTENCED TO DEATH IS UNCONSTITUTIONAL IN VIOLATION OF DUE PROCESS BECAUSE IT IMPLICITLY PUTS THE BURDEN OF PROVING MITIGATION ON PETITIONER RATHER THAN REQUIRING A FINDING AGAINST PETITIONER ON THIS ISSUE UNDER THE TRADITIONAL BEYOND A REASONABLE DOUBT STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 172

        1.      Direct Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 172
        2.      *Apprendi* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 173
        3.      Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 175
        4.      Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 176

M:     CLAIM THIRTEEN: THE TEXAS DEATH PENALTY SYSTEM IS UNCONSTITUTIONAL BASED ON THE UNITED STATES SUPREME COURT'S OPINIONS IN *SMITH v. TEXAS*, 543 U.S. 37 (2004) AND *PENRY v. JOHNSON,* 532 U.S. 782 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177

        1.      Direct Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177
        2.      Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177
        3.      Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 179

N:     CLAIM FOURTEEN: INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL FOR FAILING TO PROPERLY OBJECT TO AN UNACCEPTABLE JUROR THAT WAS UNABLE TO APPLY THE DOCTRINE OF MITIGATION BECAUSE SHE ERRONEOUSLY BELIEVED THAT IT APPLIED ONLY TO SELF-DEFENSE OR ACCIDENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 179

        1.      Direct Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 180
        2.      Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 181
        3.      Deficiency . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 181
        4.      Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 182
        5.      Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 182

O:     CLAIM FIFTEEN: THE TEXAS DEATH PENALTY SCHEME DENIED PETITIONER DUE PROCESS AND VIOLATES THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

CONSTITUTION BECAUSE IT PERMITS THE VERY OPEN-ENDED JURY DISCRETION CONDEMNED BY THE UNITED STATES SUPREME COURT IN *PENRY v. LYNAUGH*, 492 U.S. 302 (1989). *PENRY v. JOHNSON*, 532 U.S. 782 (2001) AND *FURMAN v. GEORGIA,* 408 U.S. 238 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 183

    1.    Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 183
    2.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 184
    3.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 186

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 187

CONSTITUTION BECAUSE IT PERMITS THE VERY OPEN-ENDED JURY DISCRETION CONDEMNED BY THE UNITED STATES SUPREME COURT IN *PENRY v. LYNAUGH*, 492 U.S. 302 (1989). *PENRY v. JOHNSON*, 532 U.S. 782 (2001) AND *FURMAN v. GEORGIA,* 408 U.S. 238 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 183

    1.    Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 183
    2.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 184
    3.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 186

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 187