**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LICHO ESCAMILLA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | No: 3:06-CV-2248-O (BH) |
| | § | |
| **RICK THALER, Director TDCJ** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

**PETITIONER'S MOTION TO RECONSIDER
OR, IN THE ALTERNATIVE, MOTION TO WITHDRAW**

Comes now, LICHO ESCAMILLA, the Petitioner and through his counsel files this Motion to Reconsider his Motion to Extend Time to File Objections to the Magistrate Judge's Findings or, in the alternative, Motion permitting counsel to withdraw.

Petitioner filed his Motion to Extend Time on Sunday, August 7, 2011. This Court granted in part, and denied in part, Petitioner's Motion requiring that Petitioner file his Objections on or before September 12, 2011. The Court's one page Order does not provide any reasons for its decision to deny, in part, Petitioner's requested extension or an explanation of how the September 12th date, a 28-day extension, was chosen. The original date that Petitioner's Objections were due was August 15, 2011.

Petitioner sought a 75 day extension of time due to pressing time constraints on both his federal habeas counsel – time constraints that include full time positions outside of this case and lead counsel's extensive out of town travel during the next three months. Petitioner re-urges his initial request and, in the alternative, if the Court is unable to

extend the existing deadline, both counsel seek permission to withdraw to ensure that Petitioner receives the effective assistance of counsel.[1]

Petitioner submits this Motion, as he did his first request, to ensure that his case is fairly and fully presented to the District Court and not for the purposes of delay. After extensive consultation between counsel, Respondent decided to take no position on the Motion and left any grant of extension to the discretion of the Court. Petitioner has attempted to confer with Respondent's counsel regarding the current Motion but has, thus far, been unsuccessful in doing so.

## I.  BASES FOR MOTION

Petitioner presented this Court with a detailed explanation of the reasons needed to support a 75-day extension. Those reasons can be summarized as follows:

\*Lead counsel is a full time tenured faculty member at Texas Wesleyan Law School. She works on her death penalty cases at night, on weekends and during all breaks from school.

\*Co-counsel is a full time county public defender. He works on this death penalty case at night, on weekends and during breaks from his full time position.

\*Co-counsel has just moved into a new home and is dealing with the difficulties attendant to a new home. He has lost an entire weekend, thus far, dealing with his move.

\*Lead counsel had a state writ evidentiary hearing scheduled for this week. That hearing has been reset and will likely be rescheduled in either October or early November.

---

[1] Because Petitioner is incarcerated at the Polunsky Unit in Livingston, Texas – a 3 ½ hour drive from Dallas – counsel has not yet been able to visit with Petitioner about the Magistrate's Findings or counsel's alternative request to withdraw from the case. Lead counsel has visited Petitioner, in person, numerous times during the pendency of this action and, usually, would be able to visit with her client prior to filing any document with the Court. Due to this Court's 28-day extension and denial of the full 75-day extension, such consultation opportunity would be lost.

*Law classes begin for lead counsel next week, August 15th. To be properly prepared for classes, counsel must devote the remainder of this week and this weekend to preparing for the start of classes. In other words, counsel will be unable to work on the Objections the weekend of August 13th and 14th.

*Lead counsel will be out of town Thursday, August 18th through Sunday August 21st. Thus, lead counsel will be unable to work on the Objections that weekend either.

*Lead counsel is a contributing author to a Symposium at Ole Miss University and is required to have an article prepared and submitted to the University's Sports Law Review by September 15, 2011. Thus, the nights and weekends that would usually be available for court cases will be spent completing this article.

*Lead counsel has a mandatory faculty retreat as part of her teaching position on Saturday, September 10th from 8:30 a.m. to 6:00 p.m. Thereafter, lead counsel will be out of town on Sunday, September 11th and Monday, September 12th.

*Lead counsel is a speaking participant at Harvard Law School's Constitutional Convention Conference and will be in Boston from Friday, September 23rd through Monday, September 26th.

*Lead counsel is a member of Texas Wesleyan's Hiring Committee and is responsible for screening hundreds of teaching applicants and will be required to travel to Washington, D.C. from Thursday, October 13th through Sunday evening October 16th as part of her full-time teaching position.

*Lead counsel's Ole Miss Symposium, at which she has agreed to speak, is tentatively scheduled for Friday, October 21st or Friday, November 11th.

*There is an extensive record in this case that has sat dormant for nearly three years. Both lead and co-counsel need time to reacquaint themselves with the record and evidence in this case.

*There are several issues that have been raised in this habeas proceeding – both substantive and procedural. In reaching her decision to deny Petitioner's habeas relief, the Magistrate Judge issued a 59-page opinion. The sheer density of this information transforms this case from the usual to the remarkable and requires an inordinate time investment from counsel.

*The U.S. Supreme Court issued two new and relevant cases last term that require research and consideration in all federal writ filings, *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) and *Harrington v. Richter*, 131 S. Ct. 770 (2011). Counsel needs time to assess the application of these cases to his Objections.

In evaluating the Court's Order, no explanation is provided for choosing the September 12th deadline. However, the Court was made aware that lead counsel will be out of town that entire weekend prior to the new deadline. And, of the five weekends that will occur between now and the Court's newly imposed deadline, lead counsel will be out of town at least two of the five.

Additional items that Petitioner would respectfully ask this Court consider in deciding whether to provide the fully requested 75-day extension or in permitting counsel to withdraw:

*Both counsel were individually sought out, by the Court, to aid the Court in representing Petitioner and were specifically asked to take this case. Both did so out of

respect to the requesting judge and the Court and have, with great dedication, represented Petitioner for several years.

*Lead counsel has represented 8 Texas Death Row inmates, 7 through the CJA panel process spanning over 10 years. In two of these cases, lead counsel has served entirely in a pro bono capacity. In a third case, lead counsel served for nearly 7 years in a pro bono capacity. Of these 8 clients, 5 still have live cases and numerous filing obligations. Both lead and co-counsel work on these cases as part of their service obligation to the Texas State Bar and the Northern District of Texas. Both would ask that some consideration be given to their exceptional service records in evaluating their current request.

*During lead counsel's 10 year representation in her CJA capital cases, no judge in the Northern District of Texas has ever denied counsel's request for an extension of time. In fact, in nearly every case where Magistrate Findings have been entered, counsel has routinely been granted a 90-day extension of time to prepare Objections. In this case, counsel seeks a shorter, 75-day extension of time based on classroom commitments, speaking commitments and previously scheduled travel commitments. Further, co-counsel has significant time obligations as well, including his position as a county public defender. The extension is not simply gratuitous.

*When both lead and co-counsel accepted this particular case, it was with an understanding that some consideration would be given to the other work they perform. Prior to the Court's August 9th Order, such consideration has always been given. Neither counsel "sought out" this opportunity but have zealously represented Petitioner

throughout these proceedings and now seek accommodation to permit them to fully and effectively continue in their representation.

*The American Bar Association prohibits full time faculty members from engaging in the full time law practice of law.  Each year lead counsel must confirm to her Dean that her primary occupation is teaching and not the practice of law.  In other words, lead counsel cannot ignore her primary teaching obligations without placing her in a vulnerable position regarding her vocation.  To date, the Judges in this District have worked with lead counsel to enable her to effectively serve her CJA capital clients without sacrificing either her teaching position or her zealous representation in these cases.  The Court's August 9th Order puts lead counsel at risk of sacrificing one, the other, or both.

*Lead counsel and co-counsel shared responsibility for filing the federal habeas claims in this case but distinctly divided the issues for coverage.  Neither counsel is capable of fully assuming the responsibilities of the other without researching and reviewing an entirely new set of evidence and cases that were not reviewed during the preliminary filing period.  In other words, this is not simply a case where one counsel can pick up the slack for the other.  Both have vital roles in the presentation of Petitioner's case and are severely hamstrung without the aid and participation of the other.

*Both lead and co-counsel are dedicated to providing Petitioner with the effective assistance of counsel.  The Court's August 9th Order will prevent counsel from fully and fairly being able to represent counsel in these proceedings.  If the full 75-day extension of time is not granted, counsel harbor grave concerns that they will have adequate time to provide Petitioner with the effective assistance of counsel necessary in this capital case.

For this reason, both lead and co-counsel would, in the alternative, respectfully ask this Court to permit them to withdraw so as to permit Petitioner to receive the fullest opportunity to receive the effective assistance of counsel.

\*This is a capital case. Lead counsel and co-counsel literally pour themselves into the representation of their clients and have both dedicated themselves to serving Petitioner for several years. To require counsel to respond to the Magistrate Judge's 59-page opinion without ample nights and weekends to perform the work runs counter to the interests of justice.

As previously asserted, the lack of adequate nights and weekends to prepare these objections will greatly hamper Petitioner's ability to prepare and file his Objections. Respondent took no position regarding Petitioner's initial Motion. Thus, there is no countervailing interest before the Court suggesting that the modestly requested extension of time is not in the interest of justice.

## II. PRAYER

Petitioner respectfully requests this Court reconsider its August 9th Order and provide Petitioner with the fully requested 75 day extension to file his Objections to the Magistrate Judge's Findings in this case. In the alternative, to ensure that Petitioner receives the effective assistance of counsel and has the fullest opportunity to present his Objections in this capital case, lead and co-counsel respectfully request this Court permit them both to withdraw their representation.

WHEREFORE, PREMISES CONSIDERED, Petitioner Licho Escamilla respectfully requests this Court reconsider its August 9th Order and GRANT his initially

requested extension of time permitting him until Wednesday, November 2, 2011, to file his Objections to the Magistrate Judge's Findings in this case.

In the alternative, if the Court does not wish to grant the requested extension, lead and co-counsel respectfully request that this Court permit them both to withdraw their representation to ensure that the interests of their client are fully and properly represented.

                      Respectfully Submitted,

                      *Mary M. Penrose*
                      Mary M. Penrose
                      Texas Wesleyan School of Law
                      1515 Commerce Street
                      Fort Worth, TX  76102
                      (972) 310-8669
                      mpenrose@law.txwes.edu

## CERTIFICATE OF CONFERENCE

I, Mary Margaret Penrose, certify that on Friday, August 5th and 6th, 2011, I conferred via email with Respondent's lead counsel, Ms. Leslie Kuykendall, regarding the initial requested extension of time. After extensive email discussions between counsel, Ms. Kuykendall confirmed the Director took no position on Petitioner's initial Motion. I also certify that I attempted to contact Ms. Kuykendall by phone on Wednesday, August 10th but that she was unavailable and her voicemail message indicated further unavailability on Thursday, August 11th. I left a message for her to call or email me regarding the current Motion on her work phone.

                      *Mary M. Penrose*

## CERTIFICATE OF SERVICE

I, Mary Margaret Penrose, certify that on Wednesday, August 10th, I served Petitioner's Motion for Reconsideration or, in the alternative, Motion to Withdraw on lead counsel for Respondent, Leslie K. Kuykendall, via email at her email address: leslie.kuykendall@oag.state.tx.us.

                      *Mary M. Penrose*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LICHO ESCAMILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | No: 3:06-CV-2248-O (BH) |
| | § | |
| RICK THALER, Director TDCJ | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING PETITIONER'S MOTION TO EXTEND TIME

The Court, having reconsidered the merits of Petitioner's Motion to Extend Time, hereby GRANTS, in full, Petitioner's Motion to Extend Time and sets Wednesday, November 2, 2011, as the date upon which his Objections to the Magistrate Judge's Findings are due.

_____

Presiding Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LICHO ESCAMILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | No: 3:06-CV-2248-O (BH) |
| | § | |
| RICK THALER, Director TDCJ | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING COUNSEL PERMISSION TO WITHDRAW

The Court, having considered the merits of lead and co-counsel's respective requests to withdraw their representation in this case, GRANTS counsels' request and hereby relieves both Mary Margaret Penrose and Nathan Kight from further representation in this matter.

The Court will appoint new counsel to represent Petitioner at a later date. The Court will, once replacement counsel is appointed, schedule a time period in which to file Petitioner's Objections to the Magistrate Judge's Findings and Recommendations.

_____
Presiding Judge