IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LICHO ESCAMILLA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-2248-O |
| | § | ECF |
| RICK THALER, | § | |
| Director, Texas Department of | § | **Death Penalty Case** |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S
AMENDED MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 59(e), WITH BRIEF IN SUPPORT**

The Court denied Petitioner Licho Escamilla's amended federal habeas

petition on March 26, 2012. *See* Order Accepting & Modifying Findings,

Conclusions, & Recommendation U.S. Magistrate Judge & Den. Certificate

Appealability ("Order"), ECF No. 59; J., ECF No. 60. Escamilla now moves the

Court for relief pursuant to Federal Rule of Civil Procedure 59(e). *See* Pet'r's Am.

Mot. New Trial Fed. R. Civ. P. 59(e) & Request Oral Arg. (Am. Mot. New Trial)

1, ECF No. 62. Specifically, Escamilla asks the Court to revisit its adverse

resolution of his claim that trial counsel rendered ineffective assistance by

failing to investigate and present mitigating evidence during the punishment

phase of his capital murder trial. *Id.*

His argument is two-fold. First, Escamilla contends that he is entitled to relief because the Court's Order did not specifically address all of his objections to the Magistrate Judge's adverse findings, conclusions and recommendation. *Id.* at 2. Second, Escamilla invokes the Supreme Court's recent holding *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as a basis for relief. Escamilla asserts that *Martinez*'s holding, logically extended, permits the Court to consider evidence in support of his ineffective assistance of trial counsel claim that he never presented to the state courts. Am. Mot. New Trial 2–3. He contends that, if considered, this evidence would demonstrate "the unreasonable nature of the state court['s] findings," *id.* at 4, and presumably lead this Court to grant rather than deny federal habeas relief.

Although both of Escamilla's arguments lack merit, only his second assertion—regarding *Martinez*'s application to evidence he never presented to the state courts and his concomitant request for oral argument—warrants a response.[1] For the reasons discussed below, the Court should deny Escamilla's motion and request for oral argument with prejudice.

---

[1]     Respondent Rick Thaler (the Director) accordingly limits his briefing to Escamilla's contention that *Martinez* allows this Court to consider evidence never presented to the state courts in determining whether their rejection of Escamilla's ineffective assistance claim was unreasonable pursuant to 28 U.S.C. § 2254(d). Nevertheless, the Director notes that, even assuming for the sake of argument that the Court did not explicitly *address* every single objection that Escamilla raised, that does not mean that the Court did not in fact *consider* the merits of his objections.

2

## RESPONSE IN OPPOSITION

I. **Because The State Courts Adjudicated Escamilla's Ineffective Assistance Of Trial Counsel Claims On The Merits, This Court Correctly Determined That *Cullen v. Pinholster*[2] Limited Its Review To The Record That Was Before The State Courts.**

In these federal habeas proceedings, Escamilla argued that trial counsel rendered ineffective assistance because counsel allegedly did not investigate and present mitigating evidence during the punishment phase. *See* Am. Pet. 4–78 (Claim I), ECF No. 24. When Escamilla raised this and his other allegations in state habeas proceedings, the state habeas court entered findings of fact and conclusions of law recommending that the Texas Court of Criminal Appeals (CCA) deny relief on all grounds. *See* SHCR[3] 2740–2802. The CCA expressly adopted the state habeas court's findings and conclusions and denied Escamilla state habeas relief. *Ex parte Escamilla*, No. 67,421-01, 2007 WL 2955561 (Tex. Crim. App. 2007) (not designated for publication). Escamilla did not and cannot dispute that the state courts rejected his ineffective assistance claim on the merits. Indeed, Escamilla asserted in his amended petition that all his claims were exhausted and that this Court's review was governed by 28 U.S.C. § 2254(d), which expressly applies to claims that were adjudicated on the merits

[2]     131 S. Ct. 1388 (2011).

[3]     "SHCR" refers to the Clerk's Record of pleadings and documents filed with the state habeas court. Page numbers follow the Director's citations to the Clerk's Record.

3

by the state courts. *See* Am. Pet. 3–4; *see also* 28 U.S.C. § 2254(d).

Under these circumstances, the Court correctly determined that the state courts reached the merits of Escamilla's ineffective assistance of trial counsel claims. *See* Order 8. It therefore also correctly determined that Escamilla was not entitled to relief under AEDPA unless he demonstrated that the state court's adjudication of the claim was (1) "'was contrary to' federal law then clearly established in the holdings of" the Supreme Court; or (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent; or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *(Terry) Williams v. Taylor,* 529 U.S. 362, 412 (2000)); 28 U.S.C. §2254(d); *see* Order 5–8 (also noting, pursuant to *Richter*, the doubly deferential standard that applies to ineffective-assistance claims adjudicated on the merits in state court).

In *Pinholster*, the Supreme Court held that except for the narrow exceptions contained in § 2254(e)(2)—which do not apply here—the evidence upon which a petitioner would challenge a state-court fact finding must have been presented to the state court. 131 S. Ct. at 1398. Because a federal habeas court is prohibited from granting relief unless a decision was based on "an unreasonable determination of the facts in light of the evidence presented in the

4

state court proceeding," it follows that demonstrating the incorrectness of a state-court fact finding based upon evidence not presented to the state court would be of no avail to a habeas petitioner. 28 U.S.C. § 2254(d)(2).

> It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo. . . . It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

*Pinholster*, 131 S. Ct. at 1399. *Pinholster* is directly on point and governs what evidence the Court may consider in determining whether the state courts unreasonably rejected Escamilla's claim. Under *Pinholster*, the Court is clearly limited to the record before the state court. Because the evidence at issue was not a part of that record, the Court may not consider it in evaluating whether Escamilla is entitled to federal habeas corpus relief under §2254(d).

## II.    *Martinez* Has No Bearing On Escamilla's Case.

As discussed above, *Pinholster* is the controlling authority on the issue of what evidence the Court may consider in determining whether the state court unreasonably denied Escamilla relief regarding his ineffective assistance of trial counsel claim. His reliance on *Martinez* as a basis for the Court to ignore *Pinholster*'s binding precedent is entirely misplaced.

5

A.    *Martinez* does not apply to Texas.

Escamilla incorrectly asserts that Martinez applies to jurisdictions such as Texas. Am. Mot. New Trial 2. As demonstrated below, it does not.

In *Martinez,* the Supreme Court held that

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320 (emphasis added). *Martinez*'s holding represents a "narrow exception" to *Coleman*'s rule that the ineffectiveness of state habeas counsel cannot constitute cause for procedural default. *Id.* at 1315; *see Coleman v. Thompson*, 501 U.S. 722,753–54 (1991). For twenty-one years, *Coleman* has protected state court judgments from a never-ending spiral of ineffective-assistance-of-counsel claims. Without *Coleman*'s rule, there would be no end to attacks on a judgment because every new attack could claim the alleged ineffectiveness of the petitioner's prior lawyer as cause for not having raised it sooner. *See Coleman*, 501 U.S. at 754. *Martinez* recognizes that reality, carefully noting that

> [t]he rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case . . . does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be

6

deficient for other reasons.

132 S. Ct. at 1320.

Further, *Martinez* only applies to states that—unlike Texas—"require[]
a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral
proceeding." *Id.* Contrary to Escamilla's assertion, Am. Mot. New Trial 2, Texas
law does not impose such a restraint. In fact, Texas law explicitly provides two
avenues to address claims alleging ineffective assistance of trial counsel before
collateral proceedings in state court—through a motion for new trial and on
direct appeal.

Texas law first permits defendants to raise ineffective assistance of trial
counsel claims through motions for new trial. Tex. R. App. Proc. 21.3; *Reyes v.
State*, 849 S.W.2d 812 (Tex. Crim. App. 1993). A defendant may use the motion
for new trial to develop non-record facts to support a claim on appeal. Tex. R.
App. Proc. 21.2. Moreover, a trial court is authorized to hold a live hearing, Tex.
R. App. Proc. 21.7, and it abuses its discretion if it does not hold a hearing when
a defendant presents a motion that raises matters which may not be determined
from the record. *Holden v. State*, 201 S.W.3d 761 (Tex. Crim. App. 2006).

Although the *Martinez* Court suggests that a five- to-thirty-day span may
be insufficient to investigate a claim that trial counsel rendered ineffective
assistance, *see* 132 S. Ct. at 1318, this statement is plainly dictum. *See Pape*

7

*Television Co. v. Associated Artists Production Corp.*, 279 F.2d 217, 218 (5th Cir. 1960) (a "statement of an abstract legal principle, even when made by the Supreme Court, is a binding precedent only insofar as it is applied to the facts of the case in which the pronouncement is made."); *see also Rural Utilities Service v. Cajun Electric Power Cooperative, Inc. (Matter of Cajun Elec. Power Cooperative, Inc.)*, 109 F.3d 248, 256 (5th Cir. 1997) (describing the "earmarks" of Supreme Court dictum as a passage in an opinion that "could have been deleted without seriously impairing the analytical foundations of the holding–[and], being peripheral, may not have received the full and careful consideration of the court that uttered it."). Moreover, in the paragraph where this dictum is found, Justice Kennedy, who authored the opinion, does not suggest the existence of an equitable test to determine whether such ineffective assistance of trial counsel claims "can" be raised on direct review. *See* 132 S. Ct. at 1318. Rather, he explains that states that require such claims to be raised only in collateral proceedings are not acting unreasonably. *See id.* Further, this dictum does not even apply to Texas, where defendants have seventy-five days to develop and present such claims in the motion-for-new-trial context.[4]

---

[4]     Texas defendants have thirty days to file the motion. Tex. R. App. Proc. 21.4. The defendant must then "present" the motion within ten days of filing it, unless the trial court permits it to be presented and heard within the seventy-five day period after the court enters a sentence. Tex. R. App. Proc. 21.6. The trial court must rule on the motion within seventy-five days of entering judgment. Tex. R. App. Proc. 21.8.

Texas defendants can next raise claims of ineffectiveness by trial counsel during their direct appeals, unlike defendants like Martinez in Arizona. See, e.g., *Lopez v. State*, 343 S.W.3d 137, 142–44 (Tex. Crim. App. 2011) (explaining that claims of ineffective assistance of trial counsel may be considered on direct appeal). In short, to find that *Martinez* applies to Escamilla's Texas criminal judgment, the Court would have to construe Texas precedent in a manner that "contradict[s] a recent decision of the highest state court." *Lords Landing Village Condominium Council of Unit Owners v. Continental Insurance Co.,* 520 U.S. 893, 896 (1997). The Court can do so only if it is willing to second-guess the Texas high court's interpretation of its own law, an undertaking for which it is ill suited. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991) ("We reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

In addition, the *Martinez* Court limited its holding to claims "where the State barred the defendant from raising the claims on direct appeal." 132 S. Ct. at 1320. Escamilla was not barred from raising this claim on direct appeal. *Lopez*, 343 S.W.3d at142–44.

B. ***Martinez* applies only to procedurally defaulted claims alleging ineffective assistance of trial counsel, not to procedurally defaulted evidence.**

Furthermore, *Martinez*'s holding is expressly limited to *claims* alleging ineffective assistance of trial counsel—not evidence offered in support thereof. 132 S. Ct. at 1320. The ineffective assistance of trial counsel claim must also be procedurally defaulted in order for *Martinez*'s holding to apply. *Id.* As discussed in Part I, *supra*, Escamilla's claim that trial counsel rendered ineffective assistance by failing to investigate and present mitigating evidence is not procedurally defaulted. Thus, even if this Court were to find that *Martinez* applies to Texas, the Supreme Court's holding in that case still would not affect Escamilla. And to the extent Escamilla seeks to broaden *Martinez* into a constitutional rule, *Teague v. Lane*'s nonretroactivity principles preclude the Court from granting relief. 489 U.S. 288, 310 (1989).

## III. Escamilla's claim would also fail under *Martinez* because it has no merit.

Escamilla alleges that counsel failed to investigate and present "readily available" mitigation evidence. Am. Pet. at 4–78 (Claim I). His allegations concern two categories of evidence: 1) Escamilla's family's criminal history; and 2) information that Escamilla now tries to characterize as evidence that his father was an abusive alcoholic. If despite *Pinholster*'s holding to the contrary, the Court determines that *Martinez* allows it to consider evidence that was not

before the state courts when they rejected Escamilla's ineffective assistance of trial counsel claim, he is still not entitled to relief. *Martinez*'s holding would require Escamilla to demonstrate that his state habeas counsel was actually ineffective under the *Strickland* standard as a prerequisite to establishing cause for the procedural default. 132 S. Ct. at 1318–19 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Escamilla has not carried his burden.

"Surmounting *Strickland*'s high bar is never an easy task. ... Even under de novo review, the standard for judging counsel's representation is a most deferential one." *Richter*, 131 S. Ct. at 787–88 (internal citations and quotations omitted). To prevail under *Strickland*, a petitioner must establish both that counsel's performance was constitutionally deficient and that the deficiency prejudiced his defense. *Id.* at 787.

When assessing *Strickland*'s deficient performance prong de novo, the reviewing court "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *Id.* The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* (internal citations and quotations omitted). And when it comes to reviewing counsel's investigation, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable

11

professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. Although "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. . .," *id., "Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing," *Wiggins v. Smith,* 539 U.S. 510, 533 (2003) (internal quotations and citations omitted).

Additionally, what kind of information the defendant provided to trial counsel is critical in any ineffective assistance analysis:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.

*Strickland,* 466 U.S. at 691. Indeed, the Fifth Circuit will not hold trial counsel responsible for failing to present mitigation evidence that a defendant or other witnesses fail to disclose to counsel during their investigation. *See Johnson v. Cockrell*, 306 F.3d 249, 252–53 (5th Cir. 2002) ("This Court has consistently

refused to hold attorneys responsible for failing to introduce mitigation evidence that their client and other witnesses fail to disclose.").

Turning to *Strickland*'s prejudice prong, to establish on de novo review that he has sustained prejudice, the challenger "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Richter*, 131 S. Ct. at 787. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* (internal quotations and citations omitted). "It is not enough to show that the errors had some conceivable effect on the outcome." *Id.* Rather, "[c]ounsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable, *id.* at 787–88 (internal quotations and citations omitted), and the challenger must "affirmatively prove prejudice," *Strickland*, 466 U.S. at 693. Thus, "a mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Because a convicted defendant must satisfy both prongs of *Strickland*'s test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland,* 466 U.S. at 697; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

Escamilla's conclusory assertion that state habeas counsel's representation "fell well short of prevailing professional norms," Am. Mot. New Trial 4, is

precisely the kind of "mere allegation" that is insufficient to satisfy both prongs of *Strickland*'s test. *See Armstead*, 37 F.3d at 206. It is additionally insufficient to overcome the strong presumption of effective assistance that *Strickland* affords counsel even under a de novo standard of review. *Richter*, 131 S. Ct. at 787–88. Escamilla's request for relief under *Martinez* should therefore fail on this basis alone. *Strickland,* 466 U.S. at 697; *Black*, 962 F.2d at 401.

But Escamilla's fault-finding with state habeas counsel's representation must also fail under *Strickland* for another reason. State habeas counsel cannot be deemed ineffective for not providing evidence in support of a claim where the underlying ineffective assistance of trial counsel claim had no merit, with or without the procedurally defaulted evidence in question.  The Court correctly recognized that the Magistrate Judge erred under *Pinholster* in considering evidence not presented to the state courts. Order 14.  But the Magistrate Judge's careful analysis of that new evidence shows that the evidence would have made no difference to the resolution of Escamilla's federal claim. *See* Findings, Conclusions, & Recommendation 32–52, ECF No. 52; *see also* Resp't's Answer 69–74.

## IV.   The Court should deny Escamilla's request for oral argument.

Northern District Local Civil Rule 7.1(d) states that,"[u]nless otherwise directed by the presiding judge, oral argument on a motion will not be held."

Here, Escamilla urges the Court to hold oral argument on his motion because *Martinez* "is extremely new precedent." Am. Mot. New Trial 5.

Respectfully, although *Martinez* may be a newly-released opinion, its newness is not sufficient reason in and of itself to hold oral argument. That is especially true where, as here, the *Martinez* opinion is not particularly complicated, the new evidence would not have made any difference to the resolution of his federal claim, and moreover, *Pinholster* clearly precludes the relief Escamilla seeks. Escamilla has not demonstrated any reason that the parties's briefing cannot advise the Court of their respective positions and supporting law, and none exists. In short, Escamilla's request oral argument is meritless and would lead to an inefficient use of judicial resources. The Court should therefore deny Escamilla's request for oral argument.

## CONCLUSION

For these reasons, the Director respectfully asks the Court to deny Escamilla's amended motion for a new trial pursuant to Rule 59(e), including his request for oral argument, with prejudice.

<div style="margin-left: 40%;">

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

</div>

15

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

 s/ Leslie K. Kuykendall
LESLIE K. KUYKENDALL*
*Attorney in Charge                Assistant Attorney General
State Bar No. 24029673

P.O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 320-8132
Email: leslie.kuykendall@oag.state.tx.us

**ATTORNEYS FOR RESPONDENT**

16

## CERTIFICATE OF SERVICE

I certify that on May 7, 2012, I electronically filed the foregoing pleading with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case-filing system. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Mr. Nathan Kight
Sorrels, Udashen & Anton
2301 Cedar Springs, Suite 400
Dallas, Texas 75201
(214) 468-8100
(214) 468-8104 (Fax)
email: nk@sualaw.com

Ms. Mary Margaret Penrose
Texas Weslyan School of Law
1515 Commerce St.
Fort Worth, TX 76102
(972) 310-8669
(817) 2123965 (fax)
email: mpenrose@law.txwes.edu

s/Leslie K. Kuykendall
LESLIE K. KUYKENDALL
Assistant Attorney General

17

## CERTIFICATE OF INTERESTED PERSONS

I certify, pursuant to Northern District of Texas Local Rule 3.1(f) that other than Petitioner, his counsel, and Respondent, Rick Thaler, Director, Texas Department of Criminal Justice, Institutional Division, counsel for the respondent is unaware of any person with a financial interest in the outcome of this case.

s/ Leslie K. Kuykendall
LESLIE K. KUYKENDALL
Assistant Attorney General

18