IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LICHO ESCAMILLA, | § | |
|     *Petitioner,* | § | |
| | § | |
| V. | § | Civil Action No. 3:06-CV-2248-O |
| | § | |
| RICK THALER, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
|     *Respondent.* | § | |

**ORDER DENYING MOTION FOR NEW TRIAL**

Petitioner Licho Escamilla filed a motion for new trial pursuant to Rule 59e of the Federal Rules of Civil Procedure (doc. 61) that is superseded by his amended motion for new trial ("Motion," doc. 62). Respondent has filed a response in opposition ("Response," doc. 63), and Petitioner has filed a reply ("Reply," doc. 64). For the reasons set out below, the motion is denied.

I

The motion focuses on Escamilla's claim that trial counsel provided ineffective assistance in failing to adequately investigate and present mitigating evidence at his trial. Escamilla raises complaints about whether this claim was given a full *de novo* review by the district court following his objections ("Objections," doc. 57) to the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Recommendation," doc. 52). Many of these complaints misconstrue this court's Order Accepting and Modifying Findings, Conclusions and Recommendation of the United States Magistrate Judge and Denying a Certificate of Appealability ("Opinion," doc. 59), but the essence of Escamilla's disagreement concerns the deferential standards

that apply under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Since this court applied the correct standards, the motion is denied.

A

Escamilla complains that the Opinion "failed to respond to Petitioner's numerous, individualized specific objections regarding the issues serving as the basis for this New Trial Motion, including his demonstration of prejudice." (Mot. at 2.) The Opinion, however, extensively listed each of Escamilla's claims and identified those made the subject of specific objections to the Recommendation. In addressing each claim upon which an objection was made, this court first described the claim, the state court action on the claim, the findings and conclusions of the Magistrate Judge, and any objections, before providing further analysis. This court also addressed, in the alternative, claims upon which no objection was made. Although portions of the Recommendation needed no further analysis before being accepted as the opinion of the court, this court conducted a *de novo* review of all of Escamilla's claims upon which any objection was made.

B

Regarding the claim that trial counsel failed to discover and present evidence of his childhood abuse, Escamilla complains of "this Court's erroneous conclusion, set forth in a footnote, that no family 'abuse actually occurred,'" (Mot. at 1), and that this court's opinion "did not fully address Petitioner's ineffective assistance of counsel claims or, on the issue of alcoholism and abusive family environment, only [sic] addressed the issue in a cursory footnote that is inconsistent with the evidence submitted before the state courts and the record before this Court." (Mot. at 2.) This is incorrect.

In its analysis, this court evaluated the evidence, including the evidence before the state court and its findings and conclusions. (Op. at 14-17.) This court's analysis was not based on a finding that "no family abuse actually occurred." Instead, the Opinion assumed *arguendo* that it did occur and found that, in contrast to *Wiggins v. Smith*[1] and *Rompilla v. Beard*,[2] "[t]he evidence of an abusive, alcoholic father was not readily available to Petitioner's trial counsel by 'looking into a file' of a case identified by the prosecution, but was instead withheld from counsel by Escamilla, his family and friends, if it is true." (Op. at 16 (citing multiple portions of the State Habeas Record ("SHR"))) (footnotes omitted). The referenced footnote clarified that, because Petitioner had not sustained his burden of proof on the issue, the court assumed, but was not finding, that the abuse actually occurred. (Op. at 16 n.4 (citing 9 SHR 2769).)

C

Escamilla complains that the Opinion "did not rule on" his objection regarding "trial counsels' failure to consult with the lone 'mitigation' expert until after trial had begun." (Mot. at 15.) This appears to refer to a statement embedded in his objection to the Magistrate Judge's finding that trial counsel conducted a timely investigation in accordance with ABA guidelines.

> Trial counsel did not conduct an immediate investigation in this case thereby violating both Guideline 11.4.1 and 11.8.3. Further, Petitioner objects to the Magistrate's Findings that trial counsel conformed their conduct to Guideline 11.4.1 by pursuing their investigation expeditiously. ***In fact, as Dr. Pearson's affidavit indicates, the lone psychological/psychiatric expert being consulted did not examine Petitioner until after trial had already begun in his case.*** Thus, there is no possibility that any findings proffered by the expert could have been conscientiously evaluated and incorporated into counsel's trial or punishment strategy. Instead, as Petitioner argued before the state courts, this 11th hour "drive-by" consultation with

---

[1] 539 U.S. 510 (2003).

[2] 545 U.S. 374 (2005).

> Dr. Pearson violates the governing ABA Guidelines. Trial counsel's failure to comply with the governing ABA guidelines constitutes an objective deviation from the governing professional standards and falls well below "prevailing professional norms" at the time of Petitioner's trial.

(Obj. at 9 (citing *Wiggins*, 539 U.S. at 521-523)) (emphasis added). This objection improperly equated the investigation with the use of an expert, and asserted that the investigation was not conducted "expeditiously" because the expert was not obtained sooner.

The Opinion identified this claim along with related objections (Op. at 2 (citing (Am. Pet. at 4-77; Obj. at 6-45)), and listed this objection, that the Recommendation "failed to place these strategic decisions in the context of counsel's 'incomplete and dilatory' mitigation investigation." (Op. at 14.) The Opinion initially addressed the alleged failure to comply with ABA Guidelines by noting that such guidelines did not control the evaluation of trial counsel's conduct but, rather, the professional norms prevailing in the Texas bar as they existed at the time of the trial. (Op. at 15-16.) This court also noted evidence submitted on this point that was incomplete and had not been presented to the state court, and found that Petitioner had "not overcome the presumption of correctness afforded the state court findings. Trial counsel's investigation began immediately after appointment and continued into the trial."[3] (Op. at 16 (citing 9 SHR 2528-2529, 2534, 2769-2770)). This conclusion remains correct.

D

---

[3] Petitioner inaccurately stated in a footnote that Petitioner's federal habeas evidence was faulted for "not being sufficiently local to merit consideration." (Mot. at 3 n.4.) Instead, the Opinion observed an omission in the relevant time period, observing that "the pertinent norms that existed *at the time of Escamilla's trial* are not clear from this affidavit." (Op. at 15 n.2) (emphasis added).

Although this claim was not resolved on the basis of a procedural bar, Escamilla raises issues related to an exception created in *Martinez v. Ryan*[4] to the application of a procedural bar arising from the failure to exhaust claims when the state court would now find those claims barred by state law. Petitioner argues, as an extension of *Martinez*, that this court should consider the evidence he submitted in these proceedings that was not presented to the state court in making the determination under 28 U.S.C. § 2254(d) notwithstanding the limitation announced in *Cullen v. Pinholster*,[5] because such failure to present evidence was due to the ineffective assistance of state habeas counsel. (Mot. at 2-5 (citing Op. at 11-16, Rec. at 43, 46-47).) Escamilla argues that this should also include evidence of the prevailing professional norms that state habeas failed to present to the state court in support of his ineffective-assistance-of-counsel claims.[6] (Mot. at 50-52.)

Since the motion was filed, the Court of Appeals has determined that the *Martinez* exception does not apply to Texas cases. *See Ibarra v. Thaler*, ___ F.3d ___, 2012 WL 2620520, at *4 (5th Cir. June 28, 2012); *see also Newbury v. Thaler*, No. 10-70028, 2012 WL 3032718, at *1 (5th Cir. July 26, 2012) (holding that, based on *Ibarra* opinion, *Martinez* does not affect prior decision to deny COA to procedurally barred claim); *Ayestas v. Thaler*, No. 11-70004, 2012 WL 2849487, *1 (5th Cir. July 11, 2012) (observing that in *Ibarra*, "[w]e held that, because Texas does not mandate ineffective assistance claims to be brought first in habeas proceedings, *Martinez* does not apply in

---

[4] ___ U.S. ___, 132 S. Ct. 1309 (2012).

[5] 563 U.S. ___, 131 S.Ct. 1388 (2011).

[6] In connection with this argument, Escamilla requests that this court take judicial notice of the prevailing professional norms in Dallas County, Texas at the time of his trial as reflected in the ABA guidelines. (Mot. at 51.) While this court has considered the applicable ABA guidelines, as did the state court (9 SHR 2762-63), circuit precedent cautions against allowing those guidelines to control. (Op. at 15.)

Texas."). Therefore, the proposed extension of *Martinez* would also not apply, and would not authorize this court to disregard the limitation in *Pinholster*. (Op. at 14-15.)

E

Escamilla also complains that affidavit testimony from witnesses that did not testify at trial were "perfunctorily dismissed by the Magistrate Judge and this Court" because the affidavits did not include statements that the witnesses were available and willing to testify. (Mot. at 5-7.) Escamilla portrays this as a "sanctioning of a procedural dismissal of testimony . . . at odds with" *Wiggins v. Smith*.[7] (Mot. at 7.) This characterization is inaccurate.

The Magistrate Judge thoroughly reviewed the evidence, carefully identifying and applying the correct standard. "To show that counsel were ineffective for failing to call certain witnesses, the petitioner must identify the witness and the proposed testimony, show that the testimony would have been favorable to the defense, ***and show that the witness was available and willing to testify***." (Rec. at 46 (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) and *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)) (emphasis added).[8] Although *Day* specifically addresses the failure of trial counsel to call a witness in the guilt stage rather than the punishment stage, it appears to set

---

[7]Petitioner's motion asserted that this court's action "is at odds with clearly established federal law" and cited *Wiggins*, 539 U.S. at 521-26. (Mot. at 7.) Petitioner's objections generally asserted "federal law" for this proposition, but did not identify any other authority.

[8]In a footnote, Escamilla alleges: "Neither this Court nor the Magistrate Judge cite any authority supporting its restrictive consideration of affidavits." (Mot. at 13 n.21.) This assertion ignores the quoted language from the Magistrate Judge's analysis of this claim, this court's recitals of the Magistrate Judge's findings, and this court's own analysis. (Op. at 10-17; Rec. at 45-52.) Escamilla, on the other hand, has provided no authority for his argument that due process and equal protection are violated by not requiring the same burden of proof from both parties to this proceeding.

forth the proper standard for the evaluation of trial counsel's conduct, particularly in light of the lack of cooperation from Escamilla, his family and his friends.[9]

Escamilla contrasts his failure to make this showing with deficiencies in the affidavits of trial counsel that were relied upon by the state court in overruling this claim. He complains without authority that the failure to require the same burden of proof from both the habeas petitioner and respondent would create a "dual standard" in violation of due process and equal protection guarantees.[10] (Mot. at 13.) Escamilla repeats verbatim those portions of the amended petition that complain about the affidavits of trial counsel, and avers that "[t]hese claims have never been address (sic) by this Court." (Mot. at 8.) This is incorrect.

All of Escamilla's claims have been considered both by the Magistrate Judge and this court. The fact that Escamilla may disagree with binding circuit precedent, that this requirement is imposed on the petitioner rather than the respondent, that this court must afford deference to the state-court findings, and that Escamilla's evidence does not establish a right to relief, does not mean that the claim was never addressed, but quite the contrary. This claim was properly addressed and denied.

F

Petitioner makes several complaints about the deference that this court afforded to the resolution of factual issues against him in the state court. (Mot. at 15 (characterizing denial of claim as not ruling on it), 15-16 (timing of counsel's mitigation investigation), 16-17 (expert evaluation).)

---

[9] The state court found that one of these witnesses refused to testify at the trial. (9 SHR 2774.)

[10] Escamilla cites *Wiggins*, *Rompilla*, and *Williams v. Taylor*, 529 U.S. 362, 396 (2000), setting forth Sixth Amendment standards for ineffective assistance of counsel, not Fifth and Fourteenth Amendment requirements for due process or equal protection. These opinions do not support Escamilla's argument, but confirm this court's application of AEDPA deference in the review of state-court decisions.

He equates the resolution of these claims against him with wholly failing "to address" the claims (Mot. at 19), and equates the beginning of counsel's mitigation investigation with engaging Dr. Pearson. (Mot. at 16, 18-21.) Escamilla argues that a lack of evidence on certain points satisfies his burden of proof (Mot. at 17 (time counsel spent investigating), 22 (consultations with expert prior to receiving report)), and complains that this court "accepted and sanctioned the unreasonable findings of the state court." (Mot. at 21.) These arguments misapprehend the nature of a *de novo* review of his claims, and this court's duty under the AEDPA and *Strickland v. Washington*, 466 U.S. 668 (1984).

A *de novo* review by this court under Rule 72 of the Federal Rules of Civil Procedure, following objections to the Magistrate Judge's findings and conclusions, is not free from the deference required under the AEDPA. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 2254(d). Extra care must also be taken in the review of ineffective-assistance-of-counsel claims, in which *Strickland* "requires that every effort be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. In construing these standards, the Supreme Court has referred to the federal court's review as doubly deferential

> Recognizing the temptation for a defendant to second-guess counsel's assistance after conviction or adverse sentence, the Court established that counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances. The Court cautioned that the availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges.
>
> The Court also required that defendants prove prejudice. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

> probability sufficient to undermine confidence in the outcome. That requires a substantial, not just conceivable, likelihood of a different result.
>
> Our review of the California Supreme Court's decision is thus doubly deferential. We take a highly deferential look at counsel's performance, through the deferential lens of § 2254(d), Pinholster must demonstrate that it was necessarily unreasonable for the California Supreme Court to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he had failed to undermine confidence in the jury's sentence of death.

*Pinholster*, 131 S.Ct. at 1403 (citations and quotation marks omitted); see also *Doyle v. Thaler*, No. 3:08-CV-138-B, 2012 WL 2376642, at *11 (N.D.Tex., June 25, 2012) (discussing application of doubly deferential standard of review). This court conducted a proper *de novo* review under the appropriate deferential standards applicable to these claims.

G

Escamilla also complains that this court, and the Magistrate Judge, improperly failed to address the prejudice prong of *Strickland*. (Mot. at 23-38.) Again, this is incorrect. "Because Escamilla had not satisfied the deficiency prong, the Magistrate Judge found that it was unnecessary to consider the prejudice prong, **but did so in the alternative**." (Op. at 13 (citing R. at 51)) (emphasis added); *see also Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").) This court agreed with the findings of the Magistrate Judge, who alternatively determined that Escamilla also failed to show that the state habeas court unreasonably adjudicated the prejudice prong of the *Strickland* standard. (Op. at 13-14, 16-17; R. at 51-52.)

This court also noted Escamilla's objection that the Magistrate Judge failed to reweigh the evidence (Op. at 14).[11] The Magistrate Judge properly reviewed and noted the state court's finding that the mitigation evidence was "outweighed by the strength of the State's case." (Rec. at 41-42.) Even considering the new evidence submitted in federal court that was not presented to the state courts,[12] the Magistrate Judge found in the alternative that Escamilla "has not shown a reasonable probability that he would not have received the death penalty had this type of evidence been presented at trial" (Rec. at 51), and "has not shown that the state court's determination that no prejudice had been shown for failure to present this evidence was unreasonable." (Rec. at 52.) These determinations remains correct.

H

Escamilla contends that this court did not address his objection that the Magistrate Judge failed "to properly evaluate trial counsels' ignorance regarding the family criminal history." (Mot. at 38.) He also complains of this court's citation to *Clark v. Thaler*.[13] (Mot. at 40.) Again,

---

[11] Although this court reviewed the state court's reweighing of evidence, this court's task is not the same as a state appellate court. *See, e.g., Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994) (holding that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.). Rather than independently reweighing the evidence under *Strickland*, which is a task for the state appellate court or state habeas court, this court's task on federal habeas review is more properly to determine whether the state court's application of the *Strickland* standard was unreasonable. *See Brown v. Thaler*, 684 F.3d 482, 491 (5th Cir. June 12, 2012), *modified on other grounds*, ___ F.3d ____, 2012 WL 3314134 (5th Cir. Aug. 14, 2012) (distinguishing the task of the federal district court from that of the state courts in applying *Strickland*).

[12] As stated in the Opinion, this was more favorable to Escamilla than permitted under the AEDPA. (Op. at 14 (citing *Pinholster*, 131 S.Ct. at 1400).)

[13] Although Escamilla does not indicate which portion of the Opinion citing *Clark v. Thaler*, 673 F.3d 410, 417, 2012 WL 688519 (5th Cir. 2012) is made the basis for complaint in his motion, this court cited *Clark* in discussing the evidence that may be considered in this habeas proceeding (Op. at 14 (quoting *Pinholster*, 131 S.Ct. at 1402 n.11)), and in discussing evidence not presented at trial due to the defendant's own obstructions. (Op. at 17.) *Clark* was properly cited in both instances.

Escamilla's contention is incorrect. He relies upon evidence presented for the first time in these federal proceedings. (Am. Pet. at 75 (citing Jay Matthews Affidavit 2008, Am. Pet. Ex. 6).) This court previously noted that "[w]hile the Magistrate Judge carefully considered new evidence presented by Escamilla to this Court that was not presented to the state court, such evidence 'has no bearing on § 2254(d)(1) review.'" (Op. at 14 (citing *Pinholster*, 131 S.Ct. at 1400).) The *de novo* review conducted by this court properly observed the limits set by *Pinholster*.

I

Escamilla also complains of this court's finding that any failure of trial counsel to discover evidence of an abusive, alcoholic father was caused by Escamilla, his family and his friends. (Mot. at 46-50.) He contends that this court relied upon circuit precedent that has been superceded by Supreme Court authority. Specifically, Escamilla complains of this court's reliance upon *Lackey v. Johnson*, 116 F.3d 149 (5th Cir. 1997), and *Sonnier v. Quarterman*, 476 F.3d 349 (5th Cir. 2007), and argues that the Supreme Court cases of *Williams v. Taylor*, 529 U.S. 362, 396 (2000), *Wiggins v. Smith*, 539 U.S. 510, 521-23 (2003), and *Rompilla v. Beard*, 545 U.S. 374 (2005) invalidate that authority. *Lackey* and *Sonnier*, however, remain binding circuit precedent.[14] In fact, the Court of Appeals opinion in *Sonnier* applied these Supreme Court precedents.

---

[14]Courts in this circuit continue to cite *Lackey* for the general proposition that counsel is not ineffective for failing to discover evidence about which the defendant knows but withholds from counsel. *See Hopper v. Dretke*, 106 Fed.Appx. 221, 229 (5th Cir. 2004) ("counsel is not constitutionally ineffective for failing to discover, and make strategic decisions based on, evidence that a defendant consciously withholds from counsel"); *Acosta v. United States*, 2010 WL 519706, at *9 (W.D. Tex., 2010); *Brooks v. Cain*, 2009 WL 3088323, at *14 (E.D. La., 2009); *Horne v. United States*, 2009 WL 2382151, at *7 (E.D. Tex., 2009); *Hernandez-Lopez v. United States*, 2008 WL 5245693, at *2 (S.D.Tex. Dec 12, 2008); *Davis v. United States*, 2006 WL 276973, at *3 (N.D.Miss., 2006); *Williams v. Quarterman*, 2007 WL 4198393, at *7 (S.D. Tex., 2007); *Goodrum v. Quarterman*, 2006 WL 2571402, at *5 (S.D. Tex., 2006); *Stubblefield v. Dretke*, 2006 WL 2045800, at *3 (S.D. Tex., 2006); *Wells v. United States*, 2005 WL 1566268, at 9 (N.D. Miss., 2005). Courts in other circuits also cite *Lackey* for this proposition. *See United States v. Roane*, 378 F.3d 382, 406 (4th Cir. 2004); *Laurey v. Graham*, 596 F.Supp.2d 743, 749 (W.D.N.Y., 2009).

Escamilla also contends that *Sonnier* actually supports his claim because the Court of Appeals noted that those "trial attorneys did not talk to [defendant's] family and acquaintances at the length or in the depth required for [mitigation] purposes." (Mot. at 46 (citing *Sonnier*, 476 F.3d at 358).) Escamilla argues that the state court findings regarding a failure to investigate are an unreasonable application of these Supreme Court precedents because even when a capital defendant and his family suggest that "no mitigating evidence is available," the trial lawyer must "make reasonable efforts to obtain and review material that counsel knows the prosecution will probably rely on as evidence of aggravation at the sentencing phase of trial." (Mot. at 47 (citing *Rompilla*, 545 U.S. at 376).) Trial counsel did not, however, fail to pursue mitigation evidence because it was suggested that "no mitigation evidence was available," but instead pursued and developed a reasonable mitigation strategy based on the evidence that their investigation revealed, including what was disclosed to them by Escamilla, his family and his friends. This court also relied upon other recent circuit precedent in making its decision. (Op. at 17 (citing *Clark*, 673 F.3d at 419, 2012 WL 688519, at *5; *Ayestas v. Thaler*, 462 Fed.Appx. 474, 479, 2012 WL 573436, at *5 (5th Cir. 2012)).)

The Supreme Court continues to consider how a client can affect his attorney's mitigation investigation and presentation. In *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007), the Court held that "it was not objectively unreasonable for [a state] court to conclude that a defendant who refused to allow the presentation of any mitigating evidence could not establish *Strickland* prejudice." Escamilla's claim does not suggest that he merely refused to allow trial counsel to use known mitigation evidence. His input–along with that of his family and friends–is said to have led trial counsel down a different mitigation path, one that he now contends was false and ineffective.

Escamilla has not, however, established a right to relief even if he, his family and his friends, did deceive his attorneys into pursuing a false path.

### J

Finally, Escamilla requests that this court grant a new trial on the basis of cumulative error. (Mot. at 52-53.) Escamilla did not make a separate cumulative-error claim in his petition,[15] but even it he had, he has not shown any error that this court may cumulate to grant habeas relief.

> [F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors "so infected the entire trial that the resulting conviction violates due process." *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir.1992) (en banc) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). As is apparent from this standard, and as this court has stated explicitly, where individual allegations of error are not of constitutional stature or are not errors, there is "nothing to cumulate."

*Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007). Escamilla has presented "nothing to cumulate."

### II

Escamilla also requests, in the alternative, oral argument because *Martinez* is "extremely new precedent" and to ensure full consideration of his claim and evidence. (Mot. at 1, 5, 53.) Since circuit precedent now forecloses the application of *Martinez* to Texas cases, and since this court has already given full consideration of his claims and evidence to the extent allowed by law, oral argument would not be of material assistance. Therefore, the request for oral argument is denied.

### III

---

[15] Escamilla argued within his third claim that the cumulative effect of attorney errors should relieve him of the burden to prove prejudice. (Am. Pet. at 100-101.)

Petitioner's motion for new trial pursuant to Rule 59e of the Federal Rules of Civil Procedure (doc. 61), including his request for oral argument, is DENIED.

**SO ORDERED.**

**SIGNED this 23 day of August, 2012.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**